**BAKER & HOSTETLER LLP**
Bethany G. Lukitsch (SBN 314376)
Kamran B. Ahmadian (SBN 314566)
11601 Wilshire Boulevard, Ste. 1400
Los Angeles, CA 90025
Telephone: 310.820.8800
Facsimile: 310.820.8859
*blukitsch@bakerlaw.com*
*kahmadian@bakerlaw.com*

Attorneys for Defendant Sephora
USA, Inc.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARISHA BYARS, individually, and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SEPHORA USA, INC., a Delaware corporation d/b/a WWW.SEPHORA.COM,<br><br>Defendant. | CASE NO. 5:23-cv-883-SSS-KK<br><br>*[Assigned to the Hon. Sunshine S. Sykes]*<br><br>**DEFENDANT SEPHORA USA, INC.'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE TO THE EASTERN DISTRICT OF CALIFORNIA AND OPPOSITION TO PLAINTIFF'S NOTICE OF RELATED CASES**<br><br>*[Filed concurrently with Declaration of Kamran B. Ahmadian and [Proposed] Order]*<br><br>Date:          September 29, 2023<br>Time:          2:00 p.m.<br>Courtroom:  2, 2nd Floor |

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................ 2

II.   BACKGROUND .................................................................................. 3

III.  ARGUMENT ....................................................................................... 4

    A.    This Case Should Be Transferred to the Eastern District of California Pursuant to 28 U.S.C. § 1404. ............................................. 4

        1.    Plaintiff Could Have Filed This Action in the Eastern District of California. .................................................................. 5

        2.    The interests of justice strongly favor transfer. ........................... 6

            a.    Plaintiff's choice of forum is entitled to no deference. .... 6

            b.    Judicial economy supports transfer back to the Eastern District of California. ......................................... 9

            c.    The convenience of parties and witnesses also supports transfer back to the Eastern District of California. ........ 10

    B.    The Action Should Be Transferred Pursuant to Court's Inherent Authority. .......................................................................... 11

    C.    Sephora Opposes Plaintiff's Notice of Related Cases. ....................... 12

IV.   CONCLUSION ................................................................................. 14

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT SEPHORA USA, INC'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE
CASE NO.:  5:23-CV-883-SSS-KK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. Franklin Resources, Inc.*,
   2007 WL 518859 (N.D. Cal. Feb. 14, 2007).......................................................7

*Alvarado v. Bank of Am., N.A.*,
   2009 WL 720875 (E.D. Cal. Mar. 17, 2009)......................................................11

*Amini Innovation Corp. v. JS Imports, Inc.*,
   497 F. Supp. 2d 1093 (C.D. Cal. 2007) (Morrow, J.) .........................................4

*Arisha Byars v. Goodyear Tire & Rubber Co.*,
   Case No. 5:22-cv-01358-SSS-KK..............................................................12, 13

*Arisha Byars v. Macy's Inc.*,
   Case No. 5:23- cv-00456-SSS-KK...................................................................12

*Arisha Byars v. Sephora USA Inc.*,
   Case No. 5:23-cv-00883 ................................................................................12

*Banga v. First USA, NA*,
   2010 WL 727749 (E.D. Cal. Mar. 2, 2010)....................................................6, 11

*Byars v. Hot Topic*,
   Case No. 5:22-cv-01652-JGB-SP....................................................................13

*Carrera v. First Am. Home Buyers Protection Co.*,
   2012 WL 13012698 (C.D. Cal. Jan. 24, 2012) (King, J.) .................................5, 7

*Cascades Projection LLC v. NEC Display Sols. of Am., Inc.*,
   2015 WL 12698454 (C.D. Cal. June 5, 2015) (Otero, J.) ...................................5

*Cochran v. NYP Holdings, Inc.*,
   58 F. Supp. 2d 1113 (C.D. Cal. 1998)...............................................................6

*Cody v. Athletic Propulsion Labs LLC*,
   Case No. 8:22-cv-01627 (C.D. Cal.) (J. Holcomb)...........................................13

*Cody v. Promises Behavioral Health, LLC*,
   Case No. 8:2022-cv-01529 (C.D. Cal.) (J. Slaughter) ......................................13

*Cody v. Tiffany & Co.*,
　Case No. 8:22-cv-01648 (C.D. Cal.) (J. Carter)................................................ 13

*F.T.C. v. Watson Pharm., Inc.*,
　611 F. Supp. 2d 1081 (C.D. Cal. 2009) (Pfaelzer, J.) .......................................... 6

*Forrand v. Fed. Exp. Corp.*,
　2008 WL 276389 (N.D. Cal. Jan. 31, 2008) ....................................................... 7

*Gatdula v. CRST Intern., Inc.*,
　2011 WL 445798 (E.D. Cal. Feb. 8, 2011) ......................................................... 9

*In re Genesisintermedia, Inc. Sec. Litig.*,
　2003 WL 25667662 (C.D. Cal. June 12, 2003) (Wilson, J.).............................. 10

*Hernandez v. City of El Monte*,
　138 F.3d 393 (9th Cir. 1998) ............................................................................ 11

*Jones v. GNC Franchising, Inc.*,
　211 F.3d 495 (9th Cir. 2000) .............................................................................. 6

*Keilholtz v. Superior Fireplace Co.*,
　2008 WL 5411497 (N.D. Cal. Dec. 29, 2008) .................................................... 2

*Lane v. City of Emeryville*,
　56 F.3d 71 (9th Cir. 1995) ................................................................................. 14

*LegalForce, Inc. v. Legalzoom.com, Inc.*,
　2018 WL 6179319 (C.D. Cal. Nov. 2018) (Wright, J.) ................................. 5, 7

*Link v. Wabash R. Co.*,
　370 U.S. 626 (1996) .......................................................................................... 11

*Lou v. Belzberg*,
　834 F.2d 730 (9th Cir. 1987) .............................................................................. 6

*Luna v. Wal-Mart Transportation*,
　LLC, 2018 WL 3569357 (C.D. Cal. July 11, 2018) (Gutierrez, J.) .................. 10

*Martin v. Sephora USA, Inc.*,
　2023 WL 2717636 (E.D. Cal. Mar. 30, 2023)............................................*passim*

*Metz v. U.S. Life Ins. Co. in N.Y.*,
　674 F. Supp. 2d 1141 (C.D. Cal. 2009) (Otero, J.) .................................... 4, 6, 10

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Meza v. Procter & Gamble Co.*,
    2023 WL 3267861 (C.D. Cal. Apr. 27, 2023) (Bernal, J.)..........................7, 8, 9

*Mina v. Red Robin Int'l, Inc.*,
    2020 WL 4037163 (C.D. Cal. Mar. 3, 2020) (Gutierrez, J.) ............................ 10

*Mitchell v. Deutsche Bank Nat'l Trust Co.*,
    2015 WL 12867746 (C.D. Cal. Oct. 29, 2015) (Carney, J.) .............................7

*Papaleo v. Cingular Wireless Corp.*,
    2007 WL 1238713 (N.D. Cal. Apr. 26, 2007).......................................................9

*Pfeiffer v. Himax Technologies, Inc.*,
    530 F. Supp. 2d 1121 (C.D. Cal 2008) (Pregerson, J.) ........................................4

*Sedaker Grp. of S. Cal., Inc. v. DirectBuy, Inc.*,
    2015 WL 13919071 (C.D. Cal. May 15, 2015) (Phillips, J.) ...............................2

*Trottier v. FieldCore Servs. Sols., LLC*,
    2020 WL 13304063 (C.D. Cal. Aug. 3, 2020) (Anderson, J.) ...........................7

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ...............................................................................................4

*Vital Pharms., Inc. v. Monster Energy Co.*,
    2020 WL 6162796 (C.D. Cal. Aug. 27, 2020) (Bernal, J.) ................................7

*Williams v. Bowman*,
    157 F. Supp. 2d 1103 (N.D. Cal. 2001).................................................................6

*Williams v. WinCo Foods, LLC*,
    2013 WL 211246 (E.D. Cal. Jan. 10, 2013)..........................................................8

*Wireless Consumers All., Inc. v. T-Mobile USA, Inc*,
    2003 WL 22387598 (N.D. Cal. Oct. 14, 2003)...............................................6, 11

*Young Props. Corp. v. United Equity Corp.*,
    534 F.2d 847 (9th Cir. 1976).................................................................................6

**Statutes**

28 U.S.C. § 1332(d)(2) ..............................................................................................5

28 U.S.C. § 1404 *et seq.* ...................................................................................*passim*

California Invasion of Privacy Act ...................................................................*passim*

Class Action Fairness Act .......................................................................................... 5

**Rules**

District, Local Rule 83-1.3.1 ................................................................................ 2, 12

L.R. 7-3 ..................................................................................................................... 1

L.R. 83-1.2.1 ..................................................................................................... 11, 14

L.R. 83-1.2.2 ......................................................................................................... 12

L.R. 83-1.3.3 ......................................................................................................... 12

Local Rule 83-1.2 ..................................................................................................... 2

Local Rule 123(d) .............................................................................................. 2, 12

**Other Authorities**

General Order No. 23-05.I.B.1 ............................................................................... 14

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 29, 2023, at 2:00 p.m., or as soon thereafter as the matter may be heard, Defendant Sephora USA, Inc. ("Sephora") will and hereby does move, pursuant to 28 U.S.C. § 1404 and the Court's inherent authority for an order transferring Plaintiff Arisha Byars' ("Plaintiff") putative class action complaint ("Complaint") back to the Eastern District of California.  Sephora also objects to Plaintiff's Notice of Related Cases, filed on May 16, 2023, and the subsequent judicial transfer from the docket of the Hon. Jesus G. Bernal to the Hon. Sunshine S. Sykes.  *See* Dkt. Nos. 5, 10.

Sephora bases its Motion on this Notice, the accompanying Memorandum of Points and Authorities, and Proposed Order, the pleadings, papers and records on file in this action, and such oral argument as may be presented at the time of the hearing.

This motion is made following the conference of counsel, pursuant to L.R. 7-3 and this Court's Standing Order, which took place on August 22, 2023, wherein counsel for Sephora outlined all of the grounds for bringing this Motion.  *See* Declaration of Kamran B. Ahmadian ("Ahmadian Decl."), ¶ 2.

Dated:  August 25, 2023          **BAKER & HOSTETLER LLP**

By:   */s/ Bethany G. Lukitsch*
          Bethany G. Lukitsch
          Kamran B. Ahmadian

          Attorneys for Defendant
          SEPHORA USA, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## I.    INTRODUCTION

Plaintiff's counsel's actions towards Sephora demonstrate a new twist on an old adage—if at first you don't succeed, try, try again … *in a different venue*.  Facing dismissal of these very same California Invasion of Privacy Act ("CIPA") claims brought against Sephora in the Eastern District of California, Plaintiff's counsel voluntarily dismissed a putative class action lawsuit (with a motion to dismiss pending) and filed a nearly identical putative class action complaint (albeit with a new named plaintiff) in hopes of obtaining a more favorable ruling in this District.  *See Martin v. Sephora USA, Inc.*, 2023 WL 2717636, at *1 (E.D. Cal. Mar. 30, 2023), *report and recommendation adopted*, 2023 WL 3061957 (E.D. Cal. Apr. 24, 2023).  Dismissing a lawsuit and refiling to change the judicial officer overseeing the dispute—like Plaintiff's counsel has done here—is the epitome of forum shopping.  This type of gamesmanship "abuses the integrity of the judicial system by impairing public confidence in the impartiality of judges." *Keilholtz v. Superior Fireplace Co.*, 2008 WL 5411497, at *2 (N.D. Cal. Dec. 29, 2008).  Judge shopping also is prohibited by the local rules in both this Court and the Eastern District of California.  *See* C.D. Cal. Local Rule 83-1.2; E.D. Cal. Local Rule 123(d).  Moreover, if this action is permitted to remain in this District, there is a serious risk of judicial inefficiency and inconsistent judgments.  *Sedaker Grp. of S. Cal., Inc. v. DirectBuy, Inc.*, 2015 WL 13919071, at *5 (C.D. Cal. May 15, 2015) (Phillips, J.) (granting motion to transfer; "there is much to be said for the argument that it is profoundly inefficient—and risks inconsistent judgments—to litigate the same issue…in two different fora").

Accordingly, Sephora moves this Court to transfer this action back to the United States District Court for the Eastern District of California.  In the alternative, and to the extent this matter stays in the Central District of California, because the cases are not "related" as defined by Local Rule 83-1.3.1, Sephora opposes Plaintiff's Notice of Related Cases and respectfully requests this Court either transfer this matter back to the originally assigned judge, the Hon. Jesus G. Bernal, or place this matter back in the

1    wheel to be randomly assigned.

2    **II.    BACKGROUND**

3         On October 23, 2022, Ruth Martin, represented by Plaintiff's counsel, filed a

4    putative class action complaint against Sephora asserting CIPA wiretapping violations

5    under § 631(a) and § 632.7 that are indistinguishable from those alleged here.  *See*

6    *Martin v. Sephora USA, Inc.*, Case No. 1:22-cv-1355-JLT-SAB (E.D. Cal) ("*Martin v.*

7    *Sephora*"), Dkt. No. 1.  On January 24, 2023, Sephora filed a Motion to Dismiss, which

8    was referred to Magistrate Judge Stanley A. Boone to issue findings and

9    recommendations.  *Id.*, Dkt. Nos. 12, 15.  On March 30, 2023, Judge Boone issued

10   Findings and Recommendations granting Sephora's Motion to Dismiss.  *Id.*, Dkt. No.

11   21.  Specifically, Judge Boone dismissed Plaintiff's § 632.7 and § 631(a) direct liability

12   claims, brought under the first three clauses, with prejudice, and granted leave to

13   amend the § 631(a) claim as to the fourth clause, aiding and abetting, only.  *Id.*  On

14   April 24, 2023, Judge Thurston adopted Judge Boone's findings and recommendations

15   in full.  *Id.*, Dkt. No. 25.

16        Ms. Martin (still represented by Plaintiff's counsel) filed a First Amended

17   Complaint ("FAC"), and on May 15, 2023, Sephora again moved to dismiss.  *Id.*, Dkt.

18   Nos. 22, 26.  The next day, on May 16, 2023, Ms. Martin, through Plaintiff's counsel,

19   filed a Notice of Voluntary Dismissal in *Martin v. Sephora,* requesting dismissal of the

20   entire action without prejudice.  *Id.*, Dkt. No. 29.  That same day, and before the *Martin*

21   *v. Sephora* matter was officially dismissed by the Eastern District of California, Ms.

22   Byars, again represented by the same Plaintiff's counsel, filed a new putative class

23   action against Sephora in the Central District of California, substituting Ms. Byars in

24   as named plaintiff—but realleging *identical* CIPA claims, including the same § 631(a)

25   and 632.7 claims that were dismissed *with prejudice* in the *Martin v. Sephora* matter.

26        Upon filing this action, Plaintiff's counsel filed a Notice of Related Cases in an

27   attempt to relate this action to other CIPA actions currently pending with this Court.

28   *See* Dkt. No. 5.  Notably, although the *Martin v. Sephora* matter technically was still

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

"pending," at the time this action was filed, Plaintiff's Notice of Related Cases failed to include *Martin v. Sephora*. *See id.* It is not difficult to surmise that with dozens of these cases in various courts in California, Plaintiff's moves are part of a larger plan to move CIPA chat cases to this Court where counsel previously obtained a favorable ruling. Particularly here, where both Plaintiffs have pled no legitimate business relationship with Sephora and are admitted "testers," these moves scream improper judge shopping.

## III.    ARGUMENT

### A.    This Case Should Be Transferred to the Eastern District of California Pursuant to 28 U.S.C. § 1404.

The Court may transfer a civil action to "any other district or division where it might have been brought," if doing so is "[f]or the convenience of parties and witnesses and in the interests of justice." 28 U.S.C. § 1404(a)-(b); *see also Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1108 (C.D. Cal. 2007) (Morrow, J.) (Section 1404(a) gives a "district court broad discretion to transfer a case to another district where venue is also proper."). The purpose of the statute is to "prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quot. omitted). "Thus, even when venue is proper where the action is pending, § 1404(a) provides the Court with the discretion to transfer an action to a different venue under certain circumstances." *Metz v. U.S. Life Ins. Co. in N.Y.*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009) (Otero, J.) (cit. omitted). Whether transfer is warranted involves a two-step analysis. *Id.* First, the court must determine whether the matter "might have been brought" in the district to which transfer is sought. 28 U.S.C. § 1404(a); *Metz,* 674 F. Supp. at 1145. Second, the court must balance three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice." 28 U.S.C. § 1404(a); *Pfeiffer v. Himax Technologies, Inc.,* 530 F. Supp. 2d 1121, 1123 (C.D. Cal 2008) (Pregerson, J.). These factors *all* weigh

in favor of transferring to this putative class action back to the Eastern District of California where it originated.

1.  *Plaintiff Could Have Filed This Action in the Eastern District of California.*

"In order to establish that this action "might have been brought" in the transferee court, it must be shown that at the time the lawsuit was filed (1) the proposed transferee court possessed subject matter jurisdiction over the action; (2) venue would have been proper in the transferee court; and (3) Defendant would have been subject to personal jurisdiction in the transferee court. *Cascades Projection LLC v. NEC Display Sols. of Am., Inc.*, 2015 WL 12698454, at *2 (C.D. Cal. June 5, 2015) (Otero, J.).

Not only ***could*** this putative class action have been brought in the Eastern District of California—***it was*** initially filed in the Eastern District of California by this same Plaintiff's counsel. *See Martin v. Sephora*, Dkt No. 1.  As such, the Eastern District of California easily satisfies these elements.  First, the Eastern District of California has subject matter jurisdiction under the Class Action Fairness Act ("CAFA").  *See* Compl., ¶ 1; 28 U.S.C. § 1332(d)(2).  Second, Sephora is subject to personal jurisdiction in the Eastern District of California because Sephora's principal place of business is in California.  And third, venue is proper for this putative class action because, as alleged in the *Martin* Complaint, a "substantial part of the acts and events giving rise to the claims occurred in [the Eastern District of California]."  *See Martin v. Sephora*, Dkt. No. 1; *see also LegalForce, Inc. v. Legalzoom.com, Inc.*, 2018 WL 6179319, *2 (C.D. Cal. Nov. 2018) (Wright, J.) (finding venue proper in the Northern District of California for purposes of a § 1404(a) transfer where plaintiff brought the action initially in the Northern District of California); *Carrera v. First Am. Home Buyers Protection Co.*, 2012 WL 13012698, at *5 (C.D. Cal. Jan. 24, 2012) (King, J.) (same).

\\

\\

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

### 2. *The interests of justice strongly favor transfer.*

Because the Eastern District of California is a proper venue, as established above, the decision to transfer turns on the convenience of parties and witnesses, and the interests of justice. *See Young Props. Corp. v. United Equity Corp.*, 534 F.2d 847, 852 (9th Cir. 1976). In deciding whether the interests of justice favor transfer to another district, a court will consider a variety of factors, the primary of which, "are convenience of witnesses and parties and concerns for judicial economy (including duplicative effort, waste of time and money)." *Cochran v. NYP Holdings, Inc.*, 58 F. Supp. 2d 1113, 1119 (C.D. Cal. 1998), *aff'd*, 210 F.3d 1036 (9th Cir. 2000); *Metz*, 674 F. Supp. 2d at 1146 (The court may also consider other factors, including "relative court congestion in the two forums," and "which forum would better serve judicial economy."); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). Here, both key factors—Plaintiff's forum choice and judicial economy—favor transfer back to the Eastern District of California.

### a. **Plaintiff's choice of forum is entitled to no deference.**

Although great weight generally is accorded to a plaintiff's choice of forum, "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *see also F.T.C. v. Watson Pharm., Inc.*, 611 F. Supp. 2d 1081, 1090 (C.D. Cal. 2009) (Pfaelzer, J.) (In general, a "[p]laintiff's choice of forum, while taken into account, is not a sufficiently strong factor to deny the motion to transfer" venue). Moreover, when it is the case, as it is here, that "plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded **little deference**." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (emph. added). A "plaintiff cannot voluntarily dismiss a defendant without prejudice in order to bring the action in another forum in order to avoid having the claim heard by the same judge who originally made a decision adverse to plaintiff." *Banga v. First USA, NA*, 2010 WL 727749, at *2 (E.D. Cal. Mar. 2, 2010). "[E]vidence of plaintiff's attempt to avoid a

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

particular precedent from a particular judge weighs heavily in the context of [the interests of justice] and would often make the transfer of venue proper." *Wireless Consumers All., Inc. v. T-Mobile USA, Inc*, 2003 WL 22387598, at *5 (N.D. Cal. Oct. 14, 2003); *see also Mitchell v. Deutsche Bank Nat'l Trust Co.*, 2015 WL 12867746, at *3 (C.D. Cal. Oct. 29, 2015) (Carney, J.) ("[F]orum-shopping concerns strongly suggest that the interests of justice will be served by transfer.").

Forum shopping can reasonably be inferred when, as is the case here, a plaintiff files the same or similar case, represented by the same law firm, in a different district after receiving unfavorable rulings in the initial district. *See Carrera*, 2012 WL 13012698, at *6; *see also Alexander v. Franklin Resources, Inc.*, 2007 WL 518859, at *4 (N.D. Cal. Feb. 14, 2007); *LegalForce*, 2018 WL 6179319, at *4 (finding plaintiff's actions indicated forum-shopping—"[w]hen [plaintiff] did not get the result it wanted in [another district], it dismissed that action and refiled the same case here."); *Vital Pharms., Inc. v. Monster Energy Co.,* 2020 WL 6162796, at *2 (C.D. Cal. Aug. 27, 2020) (Bernal, J.) (finding "sufficient evidence" to infer that the plaintiff was forum shopping based on litigation activity indicating that it was seeking to avoid unfavorable rulings in another district).

For purposes of a forum shopping determination, it is irrelevant that Ms. Byars, one of a few tester plaintiffs, was not the named plaintiff in the *Martin v. Sephora* matter. *See Meza v. Procter & Gamble Co.*, 2023 WL 3267861, at *4 (C.D. Cal. Apr. 27, 2023) (Bernal, J.) ("It matters little whether the same named plaintiff is involved in the same or similar actions, ***for there is an equally strong inference of forum shopping when the parallel actions are filed by the same law firm***, and such strategic machinations by plaintiff's counsel are equally discouraged under Section 1404(a)." (emph. added)); *see also Trottier v. FieldCore Servs. Sols., LLC*, 2020 WL 13304063, at *5 (C.D. Cal. Aug. 3, 2020) (Anderson, J.) (finding inference of forum shopping when plaintiff's counsel filed the action "with a new plaintiff" after receiving an unfavorable ruling in another district); *Forrand v. Fed. Exp. Corp.,* 2008 WL 276389,

at *3 (N.D. Cal. Jan. 31, 2008) ("This Court cannot reach the incredible conclusion that counsel representing a plaintiff who resides in the Central District, where counsel had previously filed a lawsuit asserting claims on behalf of a putative class that included the plaintiff, were not engaged in forum shopping when they chose to file a nearly identical class action in the Northern District days after the judge in the earlier-filed Central District case issued an unfavorable ruling."); *Williams v. WinCo Foods, LLC*, 2013 WL 211246, at *7-8 (E.D. Cal. Jan. 10, 2013) (finding that filing of similar lawsuits involving the same claims on behalf of "nearly an identical class" by the same counsel suggested forum shopping and discussing cases holding similarly).

Here, Plaintiff's counsel's tactics clearly demonstrate improper gamesmanship and judge shopping. First, Plaintiff's counsel voluntarily dismissed a putative class action against Sephora in the Eastern District of California to avoid an unfavorable ruling, and that same day, filed this nearly indistinguishable action—containing the § 631(a) and § 632.7 claims that had been previously dismissed **with prejudice**. *See Martin v. Sephora*, Dkt. No. 29; Dkt. No. 1. Worse still, Plaintiff's counsel purposefully filed this action in the Central District of California, and subsequently filed a Notice of Related Cases, for the sole purpose of getting these claims in front of this Court—one of the few district courts who has issued favorable rulings on other CIPA chat cases, particularly on the § 632.7 claim. *See e.g., Meza*, 2023 WL 3267861, at *4 ("And why did the firm choose the Central District of California? [A favorable decision in the Central District] provided a strong reason, because Judge Carter had declined to dismiss another substantially similar case brought by Plaintiff's Counsel when presented with the same preemption argument … the sole reason Plaintiff's Counsel chose to file this action in this District was to avoid adverse precedent in the Southern District of New York and chase favorable precedent in the Central District of California.").

This is not even the case where two Plaintiffs with legitimate consumer relationships with Sephora are filing suit in two different jurisdictions—i.e., one

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

interacting with a store in the Eastern District and one in the Central District. Both Ms. Martin and Ms. Byars are "tester" plaintiffs who purposefully interacted with Defendant's website to "test" the "privacy" of websites by voluntarily typing information into a chat feature. Indeed, the use of testers versus Sephora's customers and Rewards Members also likely is a conscious and strategic tactic to avoid the privacy notice, class waiver, and mandatory arbitration clause Sephora's legitimate customers agree to prior to purchasing goods or signing up for its rewards program. Here, just as in *Meza*, Plaintiff's counsel took proactive steps to avoid adverse precedent by voluntarily dismissing a pending case only to refile an identical putative class action in a more favorable jurisdiction and seek a transfer to a more favorable judge—this is improper judge shopping at its worst. Because § 1404(a) is designed to remedy these evils, Plaintiff's counsel's blatant judge shopping strongly supports (and, in fact, warrants) transfer back to the Eastern District of California.

### b.    Judicial economy supports transfer back to the Eastern District of California.

Additionally, it is appropriate to transfer an action when it would avoid conflicting rulings and save the time and effort of the courts. *See Papaleo v. Cingular Wireless Corp.*, 2007 WL 1238713, at *2 (N.D. Cal. Apr. 26, 2007) (transferring a class action pursuant to 28 U.S.C. § 1404(a) because identical claims had been alleged in an earlier filed putative class action in another district). Though the named Plaintiff differs, this action is nearly identical to the *Martin v. Sephora* action, such that Magistrate Judge Boone and District Judge Thurston already are familiar with the factual circumstances and legal basis of Plaintiff's claims.

More importantly, although this Court has not yet ruled on Sephora's forthcoming Motion to Dismiss, if the Court were to follow its prior CIPA rulings—on Plaintiff's § 632.7 claim for example—there is a significant risk that there could be inconsistent rulings in these two actions, meaning that Sephora could be held liable in the Central District for the *exact same* actions that the Eastern District has already

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

found no liability existed. Courts frequently transfer actions to avoid the potential for inconsistent rulings that could occur here. *See Gatdula v. CRST Intern., Inc.*, 2011 WL 445798, at *3 (E.D. Cal. Feb. 8, 2011) ("Accordingly, because judicial economy and the need to avoid inconsistent rulings weigh heavily in favor of transfer, the court will grant plaintiffs' motion to transfer this action to the Central District of California."); *In re Genesisintermedia, Inc. Sec. Litig.*, 2003 WL 25667662, at *4 (C.D. Cal. June 12, 2003) (Wilson, J.) ("Transfer will avoid duplicative discovery, preserve judicial resources and avoid the possibility of inconsistent judgments.").

        c.      **The convenience of parties and witnesses also supports transfer back to the Eastern District of California.**

The convenience of parties and witnesses also warrants transfer. Given the nature of this class action, most witnesses at trial will be experts, who do not reside within the Central District of California. Additionally, although the assigned Eastern District of California court which sits in Fresno, CA is not where most of Sephora's employees, records or operation are located in California, it is much closer than the Central District. Thus, in the event that there are any witnesses or evidence that will be presented by Sephora directly, and not via expert testimony, the Eastern District of California is more convenient. Moreover, Sephora already has taken measures to defend itself in the Eastern District of California and is willing to continue litigating this matter in that jurisdiction.

Even if Plaintiff is required to travel from the Central District to litigate this matter, any prejudice is minimized by the fact that this is a putative class action. *Mina v. Red Robin Int'l, Inc.,* 2020 WL 4037163, at *3 (C.D. Cal. Mar. 3, 2020) (Gutierrez, J.); *see also Metz*, 674 F. Supp. 2d at 1147 ("[E]ven though Plaintiff argues that transfer will cause her undue prejudice, any prejudice to her is minimized by the fact this is a class action suit."); *Luna v. Wal-Mart Transportation*, LLC, 2018 WL 3569357, at *3 (C.D. Cal. July 11, 2018) (Gutierrez, J.) ("Accordingly, the convenience of this forum to Plaintiff individually is outweighed by its inconvenience to the other parties: the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

putative class as a whole and Defendant. This factor thus weighs in favor of transfer[.]").

The other factors courts consider when assessing whether the interests of justice favor transfer either favor transfer to the Eastern District or are neutral. Significantly, in light of Plaintiff's judge shopping, the balance of interests strongly favors transfer back to the Eastern District of California. *See Wireless Consumers All.*, 2003 WL 22387598, at *5 (noting that "while the convenience of the parties and witnesses does not tip the balance in favor of transferring this case to the Central District, the interest of justice does so powerfully"); *Banga*, 2010 WL 727749, at *3 ("After considering the convenience of witnesses, the location of evidence, and judicial economy, but most of all improper forum shopping, the court in its discretion grants the motion to transfer venue.").

**B.     The Action Should Be Transferred Pursuant to Court's Inherent Authority.**

Notwithstanding the Court's ability to transfer pursuant to 28 U.S.C. § 1404, the Court also has the inherent authority to transfer this action back to the Eastern District of California in order to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1996); *Alvarado v. Bank of Am., N.A.*, 2009 WL 720875, at *2 (E.D. Cal. Mar. 17, 2009) ("The court has broad discretion to manage its docket"). Judge shopping abuses the judicial process, and a court may dismiss the action, transfer to the initial court, or dispense other sanctions. *Hernandez v. City of El Monte*, 138 F.3d 393, 398–99 (9th Cir. 1998); *see also Vaqueria*, 341 F. Supp. 2d at 72 ("a court faced with judge-shopping has the authority to act to preserve the integrity and control of its docket"); *Alvarado*, 2009 WL 720875, at *2 (discussing *Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998)) ("Other courts have found dismissal or transfer appropriate where there are circumstances that cause the court to believe that a case is before it as a result of judge-shopping.").

Moreover, this Court's own local rules prohibit the type of overt gamesmanship

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

at issue here—i.e., the dismissal and refiling of an action "for the purpose of obtaining a different judge." C.D. Cal. L.R. 83-1.2.1. The rules *require* transfer back to the initial judge. C.D. Cal. L.R. 83-1.2.2 ("Whenever an action is dismissed by a party or by the Court before judgment and thereafter the same or essentially the same claims, involving the same or essentially the same parties, are alleged in another action, the later-filed action shall be assigned to the judge to whom the first-filed action was assigned.").[1] For these reasons, too, this Court should exercise its inherent authority to transfer this action back to Judge Thurston of the Eastern District of California.

## C.    Sephora Opposes Plaintiff's Notice of Related Cases.

To the extent Sephora's Motion to Transfer Venue is denied, this Court should reject Plaintiff's Notice of Related Cases and send the case back to the randomly assigned district judge. In her Notice of Related Cases, Plaintiff contends that this action, entitled *Arisha Byars v. Sephora USA Inc.*, Case No. 5:23-cv-00883 (the "Action") is related to two previously filed and pending actions: (1) *Arisha Byars v. Macy's Inc.*, Case No. 5:23- cv-00456-SSS-KK) (the "*Macy's* CIPA Action"), and (2) *Arisha Byars v. Goodyear Tire & Rubber Co.*, Case No. 5:22-cv-01358-SSS-KK (the "*Goodyear* CIPA Action"). *See* Dkt. No. 5 at 2:4-7. In this District, Local Rule 83-1.3.1 defines "related" cases as those that: (a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons that would entail substantial duplication of labor if heard by different judges.[2] The actions at issue ***do not*** satisfy any of these criteria and the Action should not be deemed related.

---

[1] Likewise, the Eastern District Local Rules prohibit judge shopping and require transfer back to the initial judge. E.D. Cal. L.R. 123(d) ("An action may not be dismissed and thereafter refiled for the purpose of obtaining a different Judge or Magistrate Judge. If an action is dismissed and it, or one essentially the same, is refiled, it shall be assigned to the same Judge and Magistrate Judge.").

[2] This opposition is timely because Sephora has not yet made an appearance in this Action. *See* C.D. Cal. L.R. 83-1.3.3 ("Within five days of receiving service of a Notice of Related Cases, ***or within five days of first appearing in the case***, any party to the case may file and serve a short statement setting forth reasons that the case does not qualify as a related case under these rules.") (emph. added).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    Sephora concedes *some* superficial procedural similarities between the

2    actions—i.e., Plaintiff and her counsel brought each of the aforementioned actions and

3    each contain the same CIPA causes of action for violations under §§ 631(a) and 632.7.

4    However, because the *defendants* are different, meaning the chat feature and website

5    at issue in each case are different, the *key relevant facts* at issue in each case will differ

6    greatly.  Sephora, Macy's, and Goodyear are separate and distinct entities with separate

7    and distinct websites, chat features, and website management teams.  These defendants

8    have discrete policies, terms and conditions controlling their websites and users'

9    interactions.  These defendants also have different mechanisms for sharing their online

10    privacy policies with users.  Importantly, these defendants may also have different

11    third-party code present on their websites.  Simply put, these cases arise from entirely

12    different and separate transactions with Plaintiff and will ultimately call for entirely

13    different questions of law and fact.

14    Given the key factual differences between each case, there **<u>will not</u>** be

15    duplication of labor if they were to be heard by different judges.  In fact, there are (and

16    have been) a number of cases that have been filed in this District asserting identical

17    claims based on substantially similar allegations that **have not** been related.   Indeed,

18    not even Plaintiff's counsel started relating his CIPA actions **until after** he received a

19    favorable ruling from this Court in the *Goodyear* Action.  *See Goodyear* Action; *see*

20    *also e.g., Cody v. Promises Behavioral Health, LLC*, Case No. 8:2022-cv-01529 (C.D.

21    Cal.) (J. Slaughter); *Cody v. Athletic Propulsion Labs LLC*, Case No. 8:22-cv-01627

22    (C.D. Cal.) (J. Holcomb); *Cody v. Tiffany & Co.*, Case No. 8:22-cv-01648 (C.D. Cal.)

23    (J. Carter).  Moreover, to the extent there is any overlap in the legal determinations

24    between the actions, the judge initially assigned this Action was Judge Bernal, who is

25    intimately familiar with this named Plaintiff, Plaintiff's counsel, and these CIPA

26    claims.  *See Byars v. Hot Topic*, Case No. 5:22-cv-01652-JGB-SP (the "Hot Topic

27    Action").  The Hot Topic Action involved the **same** named plaintiff brought by the

28    **same** plaintiff's counsel as this Action and brought the **same** claims for CIPA

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

violations under §§ 631(a) and 632.7. *See Hot Topic Action*, Dkt. No. 16. Ultimately, there would be no duplication of labor since Judge Bernal is just as familiar with the factual and legal concepts involved with these CIPA claims as this Court.

As demonstrated above, Plaintiff's counsel did not seek to relate this case in order to preserve judicial resources or increase judicial efficiency. Instead, Plaintiff's counsel's aim was to get this case before this Court, given this Court's prior rulings which Plaintiff deems to be much more favorable. This type of judge-shopping is disfavored in this District as well as all courts across the country. *See* C.D. Cal. L.R. 83-1.2.1; *see also Lane v. City of Emeryville*, 56 F.3d 71 (9th Cir. 1995) ("Judge-shopping is a practice that has been universally condemned") (quot. omitted). Accordingly, Sephora objects to Plaintiff's Notice of Related Cases and respectfully requests, to the extent this matter is not transferred back to the Eastern District of California, that the Court return this Action to Judge Bernal or place this matter back in the wheel to be randomly assigned pursuant to General Order No. 23-05.I.B.1.

## IV. CONCLUSION

For all of the foregoing reasons, Sephora respectfully requests that the Court transfer this matter back to the Eastern District of California, or in the alternative, return this Action to Judge Bernal or transfer this Action back to the wheel to be randomly assigned.

Dated: August 25, 2023        **BAKER & HOSTETLER LLP**

By:    */s/ Bethany G. Lukitsch*
       Bethany G. Lukitsch
       Kamran B. Ahmadian

       Attorneys for Defendant
       SEPHORA USA, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## **Local Rule 11-6.2 – Certificate of Compliance**

The undersigned, counsel of record for Sephora USA, Inc., certifies that this brief contains 4,587 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Bethany G. Lukitsch*
Bethany G. Lukitsch

DEFENDANT SEPHORA USA, INC'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE
CASE NO.:  5:23-CV-883-SSS-KK

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES