1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BAKER & HOSTETLER LLP**
Bethany G. Lukitsch (SBN 314376)
Kamran B. Ahmadian (SBN 314566)
11601 Wilshire Boulevard, Ste. 1400
Los Angeles, CA 90025
Telephone: 310.820.8800
Facsimile: 310.820.8859
*blukitsch@bakerlaw.com*
*kahmadian@bakerlaw.com*

Attorneys for Defendant Sephora
USA, Inc.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARISHA BYARS, individually, and on behalf of all other similarly situated,<br><br>   Plaintiff,<br><br>  vs.<br><br>SEPHORA USA, INC., a Delaware corporation d/b/a WWW.SEPHORA.COM;<br><br>   Defendant. | CASE NO. 5:23-cv-883-SSS-KK<br><br>*[Assigned to the Hon. Sunshine S. Sykes]*<br><br>**DEFENDANT SEPHORA USA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>*[Filed concurrently with Declaration of Kamran B. Ahmadian and [Proposed] Order]*<br><br>Date:   October 13, 2023<br>Time:   2:00 p.m.<br>Courtroom: 2, 2nd Floor |

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................................ 2

II.   BACKGROUND ......................................................................................... 3

    A.    Factual Background ......................................................................... 3

    B.    Procedural Background ................................................................... 4

III.  LEGAL STANDARD .............................................................................. 5

IV.   ARGUMENT ............................................................................................ 6

    A.    Plaintiff Lacks Article III Standing ............................................. 6

    B.    Plaintiff's Section 631(a) Claim Fails. ...................................... 8

        1.    Plaintiff's direct liability claims against Sephora fails because Section 631(a) does not apply to a party to the communication. ............................................................... 9

        2.    Plaintiff Fails to Allege an Underlying § 631(a) Violation to Support Aiding and Abetting Liability Against Sephora. ........................................................................ 9

            a.    Plaintiff fails to plausibly allege an underlying violation of Section 631(a)'s first clause for "Intentional Wiretapping." ........................................ 10

            b.    Plaintiff fails to plausibly allege an underlying violation of Section 631(a)'s second clause because she cannot plead that her communications were intercepted while "in transit" ................................... 12

        3.    Plaintiff's "aiding and abetting" claim otherwise fails because the Complaint does not plausibly allege that a third-party vendor can use the chat communication for its own purposes. ........................................................ 15

    C.    Plaintiff Fails to State a Claim under Section 632.7 .......................... 18

    D.    Plaintiff's Claim for Punitive Damages Must Be Dismissed. ............ 20

V.    CONCLUSION ....................................................................................... 21

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adler v. Community.com, Inc.*,
  2021 WL 4805435 (C.D. Cal. Aug. 2, 2021) (Blumenfeld, J.) .......................... 13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................... 5, 14, 20

*Bona Fide Conglomerate, Inc. v. SourceAmerica*,
  2016 WL 3543699 (S.D. Cal. 2016) .................................................... 20

*Bunnell v. Motion Picture Ass'n of Am.*,
  567 F. Supp. 2d 1148 (C.D. Cal. 2007) (Cooper, J.) ........................................ 13

*Byars v. Goodyear Tire & Rubber Co.*,
  2023 WL 1788553 (C.D. Cal. Feb. 3, 2023) (Sykes, J.) ...................... 14, 18, 19

*Byars v. Hot Topic, Inc.*,
  2023 WL 2026994 (C.D. Cal. Feb. 14, 2023) (Bernal, J.) ......................... *passim*

*Byars v. Sterling Jewelers, Inc.*,
  2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) (Blumenfeld, J.) ....................... 5, 6

*Campbell v. Facebook Inc.*,
  77 F. Supp. 3d 836 (N.D. Cal. 2014) ................................................... 14

*Campbell v. Facebook, Inc.*,
  951 F.3d 1106 (9th Cir. 2020) ............................................................. 7

*Cody v. Boscov's, Inc.*,
  2023 WL 2338302 (C.D. Cal. Mar. 2, 2023) (Sykes, J.) .................................... 9

*In re Facebook, Inc. Internet Tracking Litig.*,
  956 F.3d 589 (9th Cir. 2020) .............................................................. 7

*Freedom Transp., Inc. v. Travelers Companies, Inc.*,
  2016 WL 7496731 (C.D. Cal. 2016) (Bernal, J.) ........................................ 20

*Garcia v. Build.com, Inc.*,
  2023 WL 4535531 (S.D. Cal. July 13, 2023) ............................................. 7

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- iii -

*GBTI, Inc. v. Ins. Co. of Pennsylvania,*
   2009 WL 2365409 (E.D. Cal. 2009) .................................................. 20

*In re Google Assistant Priv. Litig.,*
   457 F. Supp. 3d 797 (N.D. Cal. 2020) ............................................... 11

*Graham v. Noom, Inc.,*
   533 F. Supp. 3d 823 (N.D. Cal. 2021) ........................................ 9, 13, 16

*Hataishi v. First Am. Home Buyers Prot. Corp.,*
   223 Cal. App. 4th 1454 (2014) ......................................................... 19

*Javier v. Assurance IQ, LLC,*
   2022 WL 1744107 (9th Cir. May 31, 2022) ....................................... 11

*Javier v. Assurance IQ, LLC,*
   2023 WL 114225 (N.D. Cal. Jan. 5, 2023) ........................................ 17

*Johnson v. Blue Nile, Inc.,*
   2021 WL 1312771 (N.D. Cal. 2021) ................................................. 16

*Kahn v. Outrigger Enters., Inc.,*
   2013 WL 12136379 (C.D. Cal. Oct. 29, 2013) ................................... 18

*Kelley v. Corrections Corp. of America,*
   750 F. Supp. 2d 1132 (E.D. Cal. 2010) ............................................. 20

*Konop v. Hawaiian Airlines, Inc.,*
   302 F.3d 868 (9th Cir. 2002) ............................................................ 12

*Licea v. Am. Eagle Outfitters, Inc.,*
   2023 WL 2469630 (C.D. Cal. Mar. 7, 2023) (Fitzgerald, J.) ......... 12, 13, 17

*Licea v. Cinmar, LLC,*
   2023 WL 2415592 (C.D. Cal. Mar. 7, 2023) (Fitzgerald, J.) ............ 11, 17

*Licea v. Old Navy, LLC,*
   2023 WL 3012527 (C.D. Cal. Apr. 19, 2023) (Sykes, J.) ............... 9, 18, 19

*Lightoller v. Jetblue Airways Corp.,*
   2023 WL 3963823 (S.D. Cal. June 12, 2023) ..................................... 6

*Lujan v. Defenders of Wildlife,*
   504 U.S. 555 (1992). ........................................................................ 6

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- iv -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Martin v. Sephora USA, Inc.*,
   2023 WL 2717636 (E.D. Cal. Mar. 30, 2023) ............................................*passim*

*Massie v. Gen. Motors LLC*,
   2022 WL 534468 (D. Del. Feb. 17, 2022) .............................................. 6

*Mastel v. Miniclip SA*,
   549 F. Supp. 3d 1129 (E.D. Cal. 2021) ...................................................*passim*

*Maya v. Centex Corp.*,
   658 F.3d 1060 (9th Cir. 2011) ............................................................... 8

*Mikulsky v. Noom, Inc.*,
   2023 WL 4567096 (S.D. Cal. July 17, 2023) ....................................... 6, 7

*Mintz v. Mark Bartelstein & Assocs. Inc.*,
   906 F. Supp. 2d 1017 (C.D. Cal. 2012) (Wilson, J.) .......................... 12

*Moledina v. Marriott Int'l, Inc.*,
   2022 WL 16630276 (C.D. Cal. Oct. 17, 2022) (Garnett, J.) .............. 19

*Montantes v. Inventure Foods*,
   2014 WL 3305578 (C.D. Cal. July 2, 2014) (Fitzgerald, J.) .............. 18, 19

*NovelPoster v. Javitch Canfield Grp.*,
   140 F. Supp. 3d 938 (N.D. Cal. 2014) ............................................... 12

*Pena v. GameStop, Inc.*,
   2023 WL 3170047 (S.D. Cal. Apr. 27, 2023) .................................... 13, 15

*Performance Designed Prod. LLC v. Plantronics, Inc.*,
   2019 WL 3082160 (S.D. Cal. 2019) ................................................... 5

*Ribas v. Clark*,
   38 Cal.3d 355 (1985) ......................................................................... 8

*Rodriguez v. Google LLC*,
   2022 WL 214552 (N.D. Cal. 2022) .................................................... 15

*Rogers v. Ulrich*,
   52 Cal. App. 3d 894 (Ct. App. 1975) .............................................. 9, 16

*Spokeo, Inc. v. Robins*,
   578 U.S. 330 (2016) ........................................................................... 6

- v -

*TransUnion LLC v. Ramirez*,
  141 S. Ct. 2190 (2021) .................................................................... 6, 7

*Valenzuela v. Keurig Green Mountain, Inc.*,
  2023 WL 3707181 (N.D. Cal. May 24, 2023) .................................. 19

*In re Vizio, Inc., Consumer Privacy Litig.*,
  238 F. Supp. 3d 1204 (C.D. Cal. 2017) (Stanton, J.) ............... 12, 14, 15

*Weisbusch v. County of Los Angeles*,
  119 F.3d 778 (9th Cir. 1997) ............................................................. 5

*Whittlestone, Inc. v. Handi-Craft Co.*,
  618 F.3d 970 (9th Cir. 2010) ........................................................... 20

*Williams v. What If Holdings*,
  LLC, 2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) ................ 9, 10, 11

*Yale v. Clicktale, Inc.*,
  2021 WL 1428400 (N.D. Cal. Apr. 15, 2021) ................................... 16

**Statutes**

Cal. Civ. Code § 3294(a) .................................................................... 20

**Rules**

Fed. R. Civ. P. 8 ................................................................................... 9

Fed. R. Civ. P. 12(b)(6) ................................................................. 5, 20

**Other Authorities**

https://www.livechat.com/customers/customer-stories/sephora/ ........... 9

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 13, 2023, 2023, at 2:00 p.m., or as soon thereafter as the matter may be heard, Defendant Sephora USA, Inc. ("Sephora") will and hereby does move for an order dismissing Plaintiff Arisha Byar's ("Plaintiff") Class Action Complaint ("Motion"). This Motion is made pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that Plaintiff lacks Article III standing and otherwise fails to state a claim against Sephora upon which relief can be granted.

Sephora bases its Motion on this Notice, the accompanying Memorandum of Points and Authorities, and Proposed Order, the pleadings, papers and records on file in this action, and such oral argument as may be presented at the time of the hearing.

This motion is made following the conference of counsel, pursuant to L.R. 7-3 and this Court's Standing Order, which took place on August 22, 2023, wherein counsel for Sephora outlined all of the grounds for bringing this Motion. *See* Declaration of Kamran B. Ahmadian ("Ahmadian Decl."), ¶¶ 2-3.

Dated:  August 25, 2023        **BAKER & HOSTETLER LLP**

By:    */s/ Bethany G. Lukitsch*
        Bethany G. Lukitsch
        Kamran B. Ahmadian

        Attorneys for Defendant
        SEPHORA USA, INC.

DEFENDANT SEPHORA USA, INC'S NOTICE OF MOTION AND MOTION TO DISMISS;
CASE NO.:  5:23-CV-883-SSS-KK

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# I.    INTRODUCTION

At its core, this lawsuit is nothing more than a misguided attempt to circumvent California's relevant statutory privacy scheme and apply a decades old wiretapping statute to website technology. Another district court in the Eastern District of California, where this putative class action originated, already found that identical California Invasion of Privacy ("CIPA") claims asserted against Defendant Sephora USA, Inc. ("Sephora") by a tester plaintiff and putative class represented by this same Plaintiff's counsel are insufficient as a matter of law. *See Ruth Martin v. Sephora USA, Inc.*, Case No. 1:22-cv-1355-JLT-SAB (E.D. Cal) ("*Martin v. Sephora*"). Unhappy with the adverse ruling and facing another motion to dismiss on the sole remaining claim, Plaintiff Martin (through Plaintiff's counsel) dismissed the *Martin v. Sephora* case and the day before the dismissal order was processed, re-filed this Complaint in the Central District of California with a new tester named plaintiff—selected for the sole purpose of getting this case before this Court. To prevent this gamesmanship, the Court should stay any ruling on this Motion to Dismiss, grant Sephora's Motion to Transfer Venue, and send this matter back to the Eastern District of California for resolution. *See* Dkt. No. 13.

To the extent Sephora's Motion to Transfer Venue is denied, this Court should follow the prior decision issued in *Martin v. Sephora* that soundly dismissed a virtually identical complaint ***in its entirety*** and, for the most part, ***with prejudice***. *See Martin v. Sephora USA, Inc.*, 2023 WL 2717636, at *1 (E.D. Cal. Mar. 30, 2023), *report and recommendation adopted*, 2023 WL 3061957 (E.D. Cal. Apr. 24, 2023). Indeed, just as with the earlier action, Plaintiff's Complaint is fundamentally flawed. *First*, Plaintiff lacks Article III standing given her failure to provide any factual allegations demonstrating that she suffered any cognizable injury. *Second*, as this Court has held, Sephora cannot be directly liable under § 631(a) because it is a party to the communication. *Third*, Plaintiff fails to establish an underlying statutory violation necessary to hold Sephora derivatively liable. Specifically, Plaintiff cannot establish

an underlying violation of § 631(a)'s first clause for intentional wiretapping because that clause is explicitly limited to communications passing over "telegraph or telephone wires, lines, or cables" and does not include internet communications. Nor can Plaintiff show that any "eavesdropping" occurred by a third-party vendor in violation of § 631(a)'s second clause because Plaintiff has not alleged the vendor read or attempted to read the contents of the chat while the communication was in transit. *Fourth*, derivative liability under § 631 (a) does not apply when a website owner uses a third-party's software tool in the operation of its own website, and the Complaint provides no factual allegations to the contrary.

Plaintiff's § 632.7 claim is equally meritless. By its *unambiguous* terms, § 632.7 only applies to communications **transmitted between two telephones**. Plaintiff admits that she communicated with Sephora's website, which unquestionably is not a telephone. Since the plain language of this statute is inapplicable to the allegations, Plaintiff's § 632.7 claims should be dismissed with prejudice consistent with Judge Boone's ruling when faced with identical claims involving Sephora's website chat. *See Sephora*, 2023 WL 2717636, at *17.

Lastly, Plaintiff's request for punitive damages should be dismissed as punitive damages are not recoverable under CIPA and Plaintiff fails to plead any factual allegations that would demonstrate the required malice, fraud, or oppression.

## II.     BACKGROUND

### A.     <u>Factual Background</u>

Sephora is a retailer of personal care and beauty products which it sells in its brick-and-mortar stores and through its website (www.sephora.com). Sephora's website includes a chat feature which offers visitors customer service and personalized product recommendations. Plaintiff does not provide the exact date of her visit to Sephora's website. *See* Compl., ¶ 4. Instead, Plaintiff alleges only that she visited Sephora's website at some point during "mid-2022" and communicated with Sephora's website chat feature using her "smart phone." *Id*. More details regarding Ms. Byars'

Baker & Hostetler llp
Attorneys at Law
Los Angeles

visit are essential for purposes of assessing any "privacy rights," what disclosure language appeared and whether Ms. Byars' chat falls within the one-year CIPA statute of limitations.[1]

### B.    Procedural Background

On October 23, 2022, Plaintiff's counsel, on behalf of Ruth Martin, filed a putative class action complaint against Sephora asserting identical CIPA wiretapping violations under § 631(a) and § 632.7.  *See Martin v. Sephora*, Dkt. No. 1.  On January 24, 2023, Sephora filed a Motion to Dismiss, which was referred to Magistrate Judge Stanley A. Boone to issue findings and recommendations.  *Id.*, Dkt. Nos. 12, 15.  On March 30, 2023, Judge Boone issued Findings and Recommendations granting Sephora's Motion to Dismiss.  *Id.*, Dkt. No. 21.  Specifically, Judge Boone dismissed Plaintiff's § 632.7 and § 631(a) direct liability claims with prejudice and granted leave to amend the § 631(a) claim as to the fourth clause (aiding and abetting) only.  *Id.*  On April 24, 2023, Judge Thurston adopted Judge Boone's Findings and Recommendations in full.  *Id.*, Dkt. No. 25.

Ms. Martin (still represented by Plaintiff's counsel) filed a First Amended Complaint ("FAC"), and on May 15, 2023, Sephora again moved to dismiss.  *Id.*, Dkt. Nos. 22, 26.  The next day, on May 16, 2023, Ms. Martin, through Plaintiff's counsel, filed a Notice of Voluntary Dismissal in *Martin v. Sephora,* requesting dismissal of the entire action without prejudice.  *Id.*, Dkt. No. 29.  That same day, and before the *Martin v. Sephora* matter was officially dismissed by the Eastern District of California, Ms. Byars, again represented by the same Plaintiff's counsel, filed a new putative class action against Sephora in the Central District of California, substituting Ms. Byars in as named plaintiff—but realleging *identical* CIPA claims, including the same § 631(a) and 632.7 claims that were dismissed *with prejudice* in the *Martin v. Sephora* matter.  Notably, neither Plaintiff have any business relationship with Sephora—both are

---

[1] On June 6, 2022, Sephora added a disclosure to its chat feature advising visitors that "Sephora may record this chat," and providing a conspicuous link to Sephora's Privacy Policy.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

admitted "testers."  *See Martin v. Sephora*, Dkt. No. 1, ¶ 15*; Byars v. Sterling Jewelers, Inc.*, 2023 WL 2996686, at \*3 (C.D. Cal. Apr. 5, 2023) (Blumenfeld, J.), *reconsideration denied*, 2023 WL 4195768 (C.D. Cal. May 18, 2023) ("Plaintiff Arisha Byars, [is] a tester who has filed at least 100 similar lawsuits asserting online privacy violations.").  Sephora has filed a Motion to Transfer Venue back to the Eastern District of California, which is set to be heard by this Court on September 29, 2023.  *See* Dkt. No. 13.  The Motion to Transfer Venue includes an Opposition to Plaintiff's Notice of Related Cases and, to the extent transfer to the Eastern District is denied, seeks the transfer of this case back to the originally assigned district judge.  *Id.*

## III.    LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.  *See* Fed. R. Civ. P. 12(b)(6).  To withstand a motion to dismiss under Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and *a formulaic recitation of the elements of a cause of action will not do*." *Id.* (emph. added).  The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Performance Designed Prod. LLC v. Plantronics, Inc.*, 2019 WL 3082160, at \*3 (S.D. Cal. 2019).  Even where facts are accepted as true, "a plaintiff may plead himself out of court if he pleads facts which establish that he cannot prevail on his . . . claim." *Weisbusch v. County of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997).

\\

\\

\\

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## IV.    ARGUMENT

### A.    Plaintiff Lacks Article III Standing.

To establish the constitutional minimum for Article III standing, "a plaintiff must show (i) that she suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  It is the "plaintiff['s] … burden of establishing these elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  To establish injury in fact, "a plaintiff must show that [] she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560).  A particularized injury "must affect the plaintiff in a personal and individual way" and a concrete injury must be "real"—not "abstract"—and "actually exist." *Id.* at 339-40.

Here, Plaintiff's Complaint must be dismissed for lack of Article III standing because she has failed to adequately allege *any* concrete harm.  As an initial matter, Plaintiff's harm cannot solely be based on Sephora's alleged CIPA violations because "Article III standing requires a concrete injury even in the context of a statutory violation." *Lightoller v. Jetblue Airways Corp.*, 2023 WL 3963823, at *3 (S.D. Cal. June 12, 2023) (quoting *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021)). The Supreme Court "has rejected the proposition that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.*  In sum, for purposes of Article III standing, "***an injury in law is not an injury in fact***." *Id.* (emph. added).

Several district courts have explicitly rejected the contention that "any violation of CIPA necessarily constitutes an injury in fact without the need for an additional showing of harm." *Lightoller*, 2023 WL 3963823, at *3; *see also Mikulsky v. Noom, Inc.*, 2023 WL 4567096, at *4 (S.D. Cal. July 17, 2023); *Sterling Jewelers*, 2023 WL 2996686, at *3 (dismissing CIPA claim where plaintiff failed to allege "that she

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

disclosed any sensitive information to Defendant, much less … identified any harm to her privacy."); *see also Massie v. Gen. Motors LLC*, 2022 WL 534468, at *2, 5 (D. Del. Feb. 17, 2022) (dismissing CIPA claims for lack of standing on the grounds that plaintiff failed to allege a concrete injury); *but see Garcia v. Build.com, Inc.*, 2023 WL 4535531, at *3 (S.D. Cal. July 13, 2023) (finding Article III standing for CIPA claims). Further, any reliance on *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 298 (9th Cir. 2020) would be unavailing.  Although *In re Facebook* held that an alleged statutory violation of CIPA does give rise to a concrete injury sufficient to confer Article III standing, it did so *before* the Supreme Court issued *TransUnion*.  *See Lightoller*, 2023 WL 3963823, at *3 (finding *In re Facebook* to be "untenable in light of the Supreme Court's holding in *TransUnion*.").

Because Plaintiff cannot rely on her alleged statutory CIPA violation to confer Article III standing, she must otherwise allege harm to her substantive right to privacy—something she cannot do.  The Ninth Circuit has recognized that, separate and apart from a statutory violation, the violation of a plaintiff's "substantive right to privacy" is a concrete injury sufficient to confer standing.  *See Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1117–19 (9th Cir. 2020).  "But, the Ninth Circuit has also clarified that the right to privacy encompasses an 'individual's control of information concerning his or her person.'" *Mikulsky*, 2023 WL 4567096, at *4 (quoting *In re Facebook*, 956 F.3d at 598). The Supreme Court then further clarified that for there to be a concrete harm, the alleged injury must bear "a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts," such as "disclosure of private information" and "intrusion upon seclusion." *TransUnion*, 141 S. Ct. at 2204.

Here, the allegations in the Complaint do not demonstrate any violation of Plaintiff's substantive right to privacy.  Plaintiff does not allege that Sephora (or even "LiveChat") improperly accessed or disclosed her private information, nor could she, because Plaintiff does not even allege the nature or substance of her communications

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

with Sephora.  *See* Compl., ¶ 4 (describing only a "brief conversation").  Moreover, Plaintiff is an admitted tester; said differently, she knew based on similar testing of other defendants' websites that any content she purposefully typed into the chat might be recorded and/or viewed by Sephora's vendors supporting that chat function on behalf of Sephora.  Simply put, because Plaintiff has not alleged a concrete harm to her privacy, she has failed to satisfy the injury in fact requirement for Article III standing. As such, the court must dismiss Plaintiff's claims for lack of subject matter jurisdiction. *See Maya v. Centex Corp.,* 658 F.3d 1060, 1067 (9th Cir. 2011) ("lack of Article III standing requires dismissal for lack of subject matter jurisdiction").

## B.  Plaintiff's Section 631(a) Claim Fails.

CIPA prohibits certain types of conduct that invade an individual's privacy. Originally enacted in 1967, CIPA has been updated several times to account for changes in technology (cell phones) and social norms.  CIPA's § 631 was aimed at thwarting "one aspect of the privacy problem—eavesdropping, or the secret monitoring of conversations by third parties." *Ribas v. Clark*, 38 Cal.3d 355, 359 (1985).  To do so, § 631 makes three distinct and mutually independent patterns of conduct unlawful: (1) "'intentional wiretapping [with any telegraph or telephone],' (2) 'willfully attempting to learn the contents or meaning of a communication in transit over a wire,' and (3) 'attempting to use or communicate information obtained as a result of engaging in either of the two previous activities.'" *See Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1134 (E.D. Cal. 2021).  Section 631(a) also includes a fourth basis for liability, for anyone "who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the other three bases for liability." *Id.* (quoting Cal. Penal Code § 631(a)).  The Complaint's vague and conclusory statements fail to state a claim for any of these types of conduct.  For these reasons, Plaintiff's § 631(a) claim should be dismissed with prejudice.

\\

\\

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1.    *Plaintiff's direct liability claims against Sephora fails because Section 631(a) does not apply to a party to the communication.*

Plaintiff is again asserting legally untenable § 631(a) direct liability claims against Sephora.    *See* Compl., ¶ 30 ("[Sephora] intentionally caused the internet communication between Plaintiff and [Sephora's] Website to be recorded.    The Complaint concedes, however, that Sephora was clearly the intended recipient of Plaintiff's communication. *See id.*; ¶ 4 ("Plaintiff visited [Sephora's] Website … and conducted a brief conversation with an agent of [Sephora] through the Website's chat feature.").    As many courts, including this Court, previously have recognized, California and federal precedents make clear that as a party to the communication, Sephora could not have "intercepted" that communication under CIPA as a matter of law.    *See Sephora*, 2023 WL 2717636, at *9; *Rogers v. Ulrich*, 52 Cal. App. 3d 894, 899 (Ct. App. 1975) ("It is never a secret to one party to a conversation that the other party is listening to the conversation …."); *Licea v. Old Navy, LLC*, 2023 WL 3012527, at *3 (C.D. Cal. Apr. 19, 2023) (Sykes, J.) (dismissing § 631(a) direct liability claims with prejudice). *Cody v. Boscov's, Inc.*, 2023 WL 2338302, at *2 (C.D. Cal. Mar. 2, 2023) (Sykes, J.) ("[Section 631(a)] exempts from liability any individual or entity who is a 'party' to the 'communication,' so that one participant in a conversation cannot be held to have wiretapped another.") (quoting *Davis v. Facebook, Inc.*, 956 F.3d 589, 607 (9th Cir. 2020).    Thus, to the extent Plaintiff asserts a § 631(a) direct liability claim against Sephora it must be dismissed with prejudice.

2.    *Plaintiff Fails to Allege an Underlying § 631(a) Violation to Support Aiding and Abetting Liability Against Sephora.*

Plaintiff cannot assert a valid derivative § 631(a) claim under the aiding and abetting clause against Sephora because Plaintiff fails to allege that the "Third Party Spyware Company" violated any aspect of § 631(a) in its own right.    Plaintiff's failure to allege an underlying § 631(a) violation against a third-party vendor, means that Plaintiff cannot prove that Sephora aided or abetted that same § 631(a) violation.    *See*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Boscov's*, 2023 WL 2338302, at *2 ("[I]n order to plead [] liability for aiding and abetting, [plaintiff] must first adequately plead … underlying violations of the statute [by the third parties]."); *see also Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 833 (N.D. Cal. 2021) ("Noom is not liable for aiding and abetting FullStory's wrongdoing because there is no wrongdoing."); *Williams v. What If Holdings*, LLC, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022) (holding aiding and abetting liability "is based entirely on whether [the third party] violated Section 631(a) in some way.").[2]

### a. Plaintiff fails to plausibly allege an underlying violation of Section 631(a)'s first clause for "Intentional Wiretapping."

To state a claim under Section 631(a)'s first clause, Plaintiff must allege that Sephora's third-party vendor "intentionally tap[ped], or ma[de] any unauthorized connection . . . with any telegraph or telephone wire, line, cable, or instrument …." *Mastel*, 549 F. Supp. 3d at 1134 (quoting Cal. Pen. Code § 631(a)) (alterations in original). Here, Plaintiff alleges that the third-party vendor has "covertly embed[ed] code into [Sephora's] chat feature." Compl., ¶ 10 (int. quot. and cit. omitted); *see also id.*, ¶ 33 ("[Sephora] intentionally caused the ***internet communication*** between Plaintiff [and Sephora's] ***Website*** to be recorded.") (emph. added). Based on these allegations, Plaintiff clearly is asserting that the third-party vendor "tapped" or made an unauthorized connection ***with a website***, not a telephone line.

Section 631(a)'s first clause, however, is explicitly limited to communications

---

[2] The Complaint also runs afoul of Rule 8 of the Federal Rules of Civil Procedure by failing to sufficiently identify the alleged third-party eavesdropper. Plaintiff's assertion, pled on "information and belief," that "LiveChat" is the third-party vendor has not been plausibly alleged, particularly when the alleged factual basis for her assertion is demonstrably false. Compl., ¶ 10. Plaintiff cites to an article on LiveChat's website that discusses its work for a Sephora entity. *See id.* The Sephora entity being discussed in the article, however, is Sephora Poland, also known as Sephora Polska SP. *See e.g.,* https://www.livechat.com/customers/customer-stories/sephora/ ("Branch: Poland"). While Sephora Poland is an affiliate of Sephora USA, Inc., it is a separate business entity. More importantly, Sephora Poland is not a defendant in this litigation and Plaintiff pleads no facts (nor could she) that would suggest that all Sephora entities use the same third-party service providers on their respective websites. This point was raised in Sephora's Motion to Dismiss the First Amended Complaint in *Martin v. Sephora* prior to Plaintiff filing this lawsuit. *See Martin v. Sephora*, Dkt No. 26.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

sent over a "telegraph or telephone," which *does not* include internet-based communications between a website and its visitor. *See What if Holdings*, 2022 WL 17869275, at *2 ("[T]he first clause of Section 631(a) concerns telephonic wiretapping specifically, which does not apply to the context of the internet."); *Mastel*, 549 F. Supp. 3d at 1134-35 (collecting decisions holding that this prohibition is limited to communications in "telegraph or telephone" contexts, and dismissing CIPA claim that failed to allege tapping of such communications); *see also In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 825 (N.D. Cal. 2020) ("The first clause expressly requires that the unauthorized 'connection' be made with 'any telegraph or telephone wire, line, cable, or instrument.'"); *Licea v. Cinmar, LLC*, 2023 WL 2415592, at *5 (C.D. Cal. Mar. 7, 2023) (Fitzgerald, J.) ("Courts have consistently interpreted this clause as applying only to communications over telephones and not through the internet."); *Byars v. Hot Topic, Inc.*, 2023 WL 2026994, at *8 n.8 (C.D. Cal. Feb. 14, 2023) (Bernal, J.) (same).

Plaintiff's citation to *Javier v. Assurance IQ, LLC*, 2022 WL 1744107 (9th Cir. May 31, 2022), for the proposition that Section 631 applies to internet communications does not change this analysis. *See* Compl., ¶ 31. The Ninth Circuit's holding in *Javier* was expressly cabined to the question of "prior consent," which is not at issue here. *What If Holdings*, 2022 WL 17869275, at *4 (rejecting "Plaintiff's reliance on *Javier*" as "inapposite"); *see Javier*, 2022 WL 1744107, at *3 (predicting "the California Supreme Court would interpret Section 631(a) to require the prior consent of all parties to a communication," and declining to reach any other arguments). Furthermore, the dictum in *Javier* is further restricted to the *second clause* in Section 631(a)—the only clause at issue on appeal. *See id.*, at *1 (quoting second clause of Section 631(a)); *see also Mastel*, 549 F. Supp. 3d at 1134 ("While it is true that several federal courts interpreting the CIPA have held that the statute may apply to technologies beyond telephones or telegraphs, those holdings have largely been limited to the statute's <u>second</u> clause.") (emph. in original).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    Because any wiretapping allegedly was done through embedded software code
2    on communications made over the internet and not over a "telegraph or telephone
3    wire," Plaintiff cannot establish an underlying violation under the first clause of
4    Section 631(a).

5                          **b.    Plaintiff fails to plausibly allege an underlying violation
6                          of Section 631(a)'s second clause because she cannot
                           plead that her communications were intercepted while
7                          "in transit".**

8    The second clause of § 631 "imputes liability when the defendant reads, or
9    attempts to read, a communication that is '*in transit or passing over any wire, line, or*
10   *cable*, or is being sent from, or received at any place within' California." *Mastel*, 549
11   F. Supp. 3d at 1136 (emph. added). For a communication "to be intercepted" it "must
12   be acquired during transmission, not while it is in electronic storage." *Konop v.*
13   *Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002) (analyzing in the context of
14   the Federal Wiretap Act). The Ninth Circuit in *Konop* reasoned that "[t]his conclusion
15   is consistent with the ordinary meaning of 'intercept,' which is 'to stop, seize, or
16   interrupt in progress or course before arrival.'" *Id.* (quoting Webster's Ninth New
17   Collegiate Dictionary 630 (1985)).[3]

18   Courts applying § 631(a) and the Wiretap Act have acknowledged that, given
19   the speed of modern internet communications, their "application to that form of
20   electronic communication is undoubtedly limited." *NovelPoster v. Javitch Canfield*
21   *Grp.*, 140 F. Supp. 3d 938, 951 (N.D. Cal. 2014). This is largely because internet
22   communications, such as email and chat applications, travel so quickly that there is
23   only an incredibly narrow window during which an interception could occur. *See id.*
24   at 951-52. Indeed, numerous courts have held that while internet communications may
25   be improperly accessed either on the originating or receiving end, they are not typically
26   intercepted during transmission. *Id.*; *see also, e.g.*, *Mintz v. Mark Bartelstein & Assocs.*

27   _____
28   [3] In interpreting § 631(a), courts have generally construed it "as coextensive with the [federal] Wiretap Act." *In re Vizio, Inc., Consumer Privacy Litig.*, 238 F. Supp. 3d 1204, 1228, n.9 (C.D. Cal. 2017) (Stanton, J.).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Inc.*, 906 F. Supp. 2d 1017, 1031 (C.D. Cal. 2012) (Wilson, J.) (dismissing claim upon finding that "Defendants did not access, disclose, or use any emails that had been acquired during transmission. Rather, the emails Defendants viewed were stored on Gmail."); *Licea v. Am. Eagle Outfitters, Inc.*, 2023 WL 2469630, at *10 (C.D. Cal. Mar. 7, 2023) (Fitzgerald, J.); *Mastel*, 549 F. Supp. 3d at 1137; *Pena v. GameStop, Inc.*, 2023 WL 3170047, at *5 (S.D. Cal. Apr. 27, 2023) ("The Complaint fails to allege that any information shared with Zendesk was 'intercepted' in a manner that would be actionable under either the FWA or CIPA.").

Here, Plaintiff relies on buzzwords rather than allege any facts plausibly showing that Sephora's third-party vendor intercepted the contents of *her* communications while *in transit*.  Nor has she alleged any facts (nor can she without complete speculation) that any third-party intercepts chat communications **before or at the same time** they are provided to the intended recipient—the Sephora agent representative.  To the extent those communications are later recorded (or saved) on a third-party's servers or potentially accessed by a third-party after the fact does not constitute an "interception" under § 631(a).  *Bunnell v. Motion Picture Ass'n of Am.*, 567 F. Supp. 2d 1148, 1154 (C.D. Cal. 2007) (Cooper, J.); *see also, Noom*, 533 F. Supp. 3d at 833; (stating that "sharing a record is not eavesdropping" under § 631(a)).

Moreover, even if a third-party vendor played some role in routing certain chat communications from website visitors to Sephora, Plaintiff fails to allege any facts demonstrating that a third-party "*read*," "*attempted to read*," or attempted "*to learn the contents* of any communication" while it was "in transit." *See Adler v. Community.com, Inc.*, 2021 WL 4805435, at *4 (C.D. Cal. Aug. 2, 2021) (Blumenfeld, J.) (dismissing CIPA claim where "there [was] no plausible allegation that Defendant acted to learn the contents of the messages while they were, in a technical sense, in transit or in the process of being received.").  In fact, Plaintiff's allegations, while vague and speculative, state the opposite—the third-party vendor uses a "type of automatic routing software that **automatically** acquires and transmits user chat

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

communication to [the third-party vendor] without any active input from … [the third-party vendor's] employees, agents, or human representatives." Compl., ¶ 11. This conclusively rebuts any claims of simultaneous reading.

Plaintiff's remaining conclusory and factually unsupported allegations that Sephora (or its third-party vendors) somehow intercepted chat messages while they were "in transit" are insufficient and cannot support a § 631(a) claim. *See* Compl., ¶¶ 11, 17, 33. Relying on *Campbell v. Facebook Inc.,*77 F. Supp. 3d 836, 848 (N.D. Cal. 2014), this Court previously has held that a plaintiff's conclusory allegations that communications were intercepted in transit should be "taken as true at this stage of the case." *Byars v. Goodyear Tire & Rubber Co.*, 2023 WL 1788553, at *4 (C.D. Cal. Feb. 3, 2023) (Sykes, J.). Respectfully, this Court should reconsider this position as it disregards the fundamental principle of plausibility pleading outlined by the Supreme Court which requires the rejection of unsupported statements and mandates the inclusion of "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. Additionally, the *Campbell* decision does not cite to any federal or California precedent for this proposition. *See Campbell*, 77 F. Supp. 3d at 848. Regardless, the complaint at issue in *Campbell* was far more factually detailed than the allegations in this Complaint. *See id.* at 839 ("Plaintiffs allege that Facebook scans the content of their private messages, and if there is a link to a web page contained in that message, Facebook treats it as a "like" of the page and increases the page's "like" counter by one."). Here, in contrast, Plaintiff relies on barebone conclusory allegations that *some* third party secretly intercepts her messages in real time without any specific facts demonstrating how, when or where the alleged interception is achieved. *See* Compl., ¶¶ 11, 30. This pleading is insufficient to establish a plausible claim under § 631(a).

Moreover, the overwhelming majority of decisions (issued before and after *Goodyear*), including the court in *Martin v. Sephora*, have categorically rejected the premise that conclusory allegations are sufficient to support a § 631(a) wiretapping

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

claim at the pleadings stage. *See Sephora*, 2023 WL 2717636, at *11 ("Plaintiff also argues her allegations that her communications were intercepted by a third-party company while 'in transit' should be taken as true at this stage in the pleadings. [] The Court disagrees."); *In re Vizio*, 238 F. Supp. 3d at 1228 (dismissing wiretap claim because the "conclusory allegation that Vizio intercepted their electronic communications 'during transmission'" was only supported by "vague allegations about how Vizio's data collection occurs in real-time."); *Rodriguez v. Google LLC*, 2022 WL 214552, at *1-2 (N.D. Cal. 2022) ("Using the word 'intercept' repeatedly is simply not enough without the addition of specific facts that make it plausible Google is intercepting their data in transit."); *GameStop*, 2023 WL 3170047, at *6 ("Bare allegations of recording and creating transcripts do not specifically allege that Plaintiffs' messages were intercepted while in transit.").

Because Plaintiff fails to sufficiently allege an underlying violation under the first, second, or third clause of § 631(a) as to the alleged third-party eavesdropper, Plaintiff's derivative aiding and abetting claim against Sephora fails.[4]

3. *Plaintiff's "aiding and abetting" claim otherwise fails because the Complaint does not plausibly allege that a third-party vendor can use the chat communication for its own purposes.*

Not only has Plaintiff failed to allege an underlying § 631(a) violation by a third-party vendor that would support derivative liability, but Sephora's use of a third-party to provide software solutions and operate or otherwise assist with chat communications on Sephora's website, including any routing of chat communications through third-party servers, does not give rise to a § 631(a) claim under an aiding and abetting theory. Numerous courts, including the *Martin v. Sephora* court and this Court, have recognized that the common business practice of using software from a third-party

---

[4] "A finding of a violation under the third clause of § 631(a) is contingent on a finding of a violation under the first or second clause of § 631(a)." *Sephora*, 2023 WL 2717636, at *11 (citing *Google Privacy Litig.*, 457 F. Supp. 3d at 827). Because Plaintiff cannot establish an underlying violation under the first two clauses, as discussed above, Plaintiff cannot establish an underlying violation of the third clause.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

vendor to facilitate customer website chats does not violate CIPA because such software service providers are not third-party eavesdroppers if they simply assist the party to the communication in obtaining, analyzing and utilizing their own data. *See Sephora*, 2023 WL 2717636, at *13 ("[A] third-party vendor that is deemed to merely facilitate customer chats as an extension of the company does not trigger derivative liability under § 631(a).") (emph. added); *Noom*, 533 F. Supp. 3d at 831; *Hot Topic*, 2023 WL 2026994, at *10.

In other words, a company's use of a website vendor does not constitute eavesdropping under § 631(a) where the vendor is a tool, agent, or extension of the company itself. *See Noom*, 533 F. Supp. 3d at 832; *Johnson v. Blue Nile, Inc.*, 2021 WL 1312771 (N.D. Cal. 2021); *Yale v. Clicktale, Inc.*, 2021 WL 1428400, at *3 (N.D. Cal. Apr. 15, 2021) ("Clicktale is not a third-party eavesdropper. It is a vendor that provides a software service that allows its clients to monitor their website traffic."). In *Noom*, for example, the court concluded that the defendant's use of a third-party session replay software provider could not give rise to a CIPA violation, even though the vendor "captures its clients' data, hosts it on [vendor's] servers, and allows the clients to analyze their data." 533 F. Supp. 3d at 832. The court recognized that the vendor was "an extension of [defendant]" and simply "provide[d] a tool— []—that allow[ed] [the defendant] to record and analyze its own data in aid of [its] business." *Id.* (citing *Rogers*, 52 Cal. App. 3d at 897-99). The court in *Yale* similarly found no actionable CIPA violation based on a clothing retailer's use of a vendor to track website traffic. 2021 WL 1428400, at *3.

Here, Plaintiff only alleges that Sephora allows "at least one third-party vendor … [to] secretly intercept … and store transcripts of [Sephora's] chat communications." Compl., ¶ 11. Plaintiff essentially alleges that these vendor(s) have two functions: recording and storing information. But recording and storing chat transcripts on behalf of Sephora does not violate CIPA. *See Noom*, 533 F. Supp. At 832-33; *Yale*, 2021 WL 1428400, at *3 (granting a motion to dismiss because the licensed software "is not a

third-party eavesdropper.  It is a vendor that provides a software service").  Plaintiff's other conspiratorial allegations concerning Meta (also known as Facebook) and its "secret plan to profit from private chats" should be disregarded entirely, as they are nothing more than conclusory statements lacking any plausible factual support or connection to Sephora.  *See e.g.*, Compl., ¶¶ 12-16.  At best, Plaintiff only vaguely alleges the potential capabilities of this unnamed third-party vendor (i.e., integration with Meta) based on generic online sources.[5]

Regardless, Plaintiff fails to allege any facts that the ***content of her individual chat*** with Sephora customer service is accessible to and read by any third-party, let alone that any third-party vendor is permitted to use collected information for its ***own independent purpose***, nor could Plaintiff do so without wild speculation.  *See Hot Topic*, 2023 WL 2026994, at \*10 ("[T]he facts alleged in the FAC and inferences that can be drawn from them demonstrate that Defendant uses a third-party vendor to 'record and analyze its own data in aid of [Defendant]'s business,' not the 'aggregation of data for resale,' which makes the third-party an 'extension' of Defendant's website, not a 'third-party eavesdropper.'"); *Am. Eagle Outfitters*, 2023 WL 2469630, at \*8 ("The pleadings, taken as true at this stage, nowhere suggest that the third party has the ability to use the information independently."); *Cinmar*, 2023 WL 2415592, at \*9;  *see also Javier v. Assurance IQ, LLC*, 2023 WL 114225, at \*6 (N.D. Cal. Jan. 5, 2023) (recognizing that a third-party that "has no independent capability to divulge the recording for any other purpose but that of its owner" is akin to the tape recorder in *Rogers*). Without these allegations, and the facts to support them, Plaintiff's aiding and abetting claim against Sephora fails and should be dismissed with prejudice.

_____

[5] Whether Sephora can (or does) use Meta tools generally on its website or advertises on Meta platforms is irrelevant to Plaintiff's CIPA claims which require sufficient factual support demonstrating the independent use of chat communications by its third-party vendor.  Simply alleging that Sephora *may* disclose certain information to vendors (after the fact) is not enough to establish § 631(a) liability.  Plaintiff must allege that a third-party collected her communication in transit and used that information independently for its own financial gain—something Plaintiff cannot do.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

### C.    Plaintiff Fails to State a Claim under Section 632.7.

Both the plain text of the statute and the legislative history make it clear that § 632.7 does not apply to the internet communications at issue in this case.  First, by its clear and unambiguous terms, § 632.7 exclusively applies to communications "transmitted between (1) two cellular radio telephones, (2) a cellular radio telephone and a landline telephone, (3) two cordless telephones, (4) a cordless telephone and a landline telephone, or (5) a cordless telephone and a cellular radio telephone." *Montantes v. Inventure Foods*, 2014 WL 3305578, at *4 (C.D. Cal. 2014) (Fitzgerald, J.).  While Plaintiff alleges that she used a cellular telephone with internet capability to communicate with Sephora, Plaintiff's allegations at best only satisfy half of the equation. *See* Compl., ¶ 19.   Plaintiff ***does not*** explicitly allege (nor can she) that Sephora used a cellular radio, cordless, or landline telephone on the other side of the communication.   Rather, Plaintiff admits that she communicated with Sephora's website and not a telephone of any kind.  This warrants dismissal of her § 632.7 claim with prejudice. *See id.*

Moreover, § 632.7 simply does not apply to internet communications (i.e., chatting with a company's website as opposed to a telephone call) as evidenced by the stated legislative purpose behind the statute—to "simply extend[] to persons who use cellular or cordless telephones the same protection from recordation that persons using 'landline' telephones presently enjoy." Author Lloyd G. Connelly's Statement of Intent, Cal. Assem. Bill No. 2465 (1992).  Leading up to the passage of Section 632.7, the California Senate Committee on Judiciary voiced concerns that "there [was] currently no statute prohibiting a person from intercepting and intentionally recording a communication transmitted via cellular or cordless telephone." *Kahn v. Outrigger Enters., Inc.*, 2013 WL 12136379, at *3 (C.D. Cal. 2013) (Wilson, J.) (quoting Senate Committee on Judiciary, AB 2465, at 2 (June 9, 1992)).  The clear intent behind Section 632.7 was to "expand existing law prohibiting unauthorized recording of telephone conversations to cover ***cordless and cellular phones***" and not vastly increase

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

the scope of CIPA by covering internet communications. *Id.* (quoting Ways & Means Committee, AB 2465, at 1 (March 9, 1992) (emph. added).

Sephora acknowledges this Court's prior rulings in *Goodyear* and *Old Navy* which held that "there is no requirement for [a plaintiff to] allege the type of telephonic device used by [the defendant]" to plausibly plead a § 632.7 claim. *Goodyear*, 2023 WL 1788553, at *5 (citing *Roberts v. Wyndham Intern., Inc.*, 2012 WL 6001459, at *4 (N.D. Cal. Nov. 30, 2012); *Old Navy*, 2023 WL 3012527, at *3. Again, Sephora respectfully requests the Court reconsider this position which conflates statutory sections, disregards tenets of statutory interpretation, and has been persuasively rejected by numerous other district courts. *See Hot Topic*, 2023 WL 2026994, at *12 (dismissing § 632.7 claim based on virtually identical allegations finding that "there is no possible basis to conclude that one of the five 'exclusive … types of calls' are at issue [here].")*; Sephora*, 2023 WL 2717636, at *15 ("*Goodyear* appears to be an outlier case …."); *Valenzuela v. Keurig Green Mountain, Inc.*, 2023 WL 3707181, at *6 n.5 (N.D. Cal. May 24, 2023).

More importantly, the Court's prior holdings effectively renders half of § 632.7's requirements superfluous. California law is clear—§ 632.7 requires a plaintiff to plead (and later prove) the type of telephone devices ***used by both parties to the communication***. *See Hataishi v. First Am. Home Buyers Prot. Corp.*, 223 Cal. App. 4th 1454, 1469 (2014) (recognizing that § 632.7 in a class action context would necessarily require a determination as to "what type of telephone was used to receive the subject call."). As Judge Bernal acknowledged, prior to this Court's *Goodyear* decision, "courts universally agreed that the statutory language of Section 632.7 would not apply in the context of text-based communications on a website." *Hot Topic*, 2023 WL 2026994, at *11 (citing *Montantes*, 2014 WL 3305578, at *4) ("According to this list of included types of telephones, the communication must have a cellular radio or cordless telephone on one side, and a cellular radio, cordless, or landline telephone on the other side."); *Moledina v. Marriott Int'l, Inc.*, 2022 WL 16630276, at *7 (C.D. Cal.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Oct. 17, 2022) (Garnett, J.) (quoting the language of Section 632.7 and finding that it applies to communications between "a cellular telephone and another telephone.")).

Not only has Plaintiff failed to allege that the communications in question took place between cellular and cordless telephones (even her own), but her attempt to apply this statute to **_typed website communications_** lacks any legal support in the plain text of the statute and in its legislative history. Thus, Plaintiff's § 632.7 claim cannot survive as a matter of law.

### D.    Plaintiff's Claim for Punitive Damages Must Be Dismissed.

Plaintiff's request for punitive damages must be dismissed from the Complaint. For starters, CIPA does not explicitly authorize punitive damages, and Sephora is unaware of any cases where punitive damages have been awarded under CIPA. _See Bona Fide Conglomerate, Inc. v. SourceAmerica_, 2016 WL 3543699, at *10 (S.D. Cal. 2016) (acknowledging lack of authority and dismissing punitive damages under CIPA); _Sephora_, 2023 WL 2717636, at *17 n. 13 ("[T]he Court's independent research, appear to support a finding that **_punitive damages are unavailable for violations of CIPA_**.") (emph. added). Even if punitive damages were available, Plaintiff alleges no plausible factual support to suggest she is entitled to punitive damages. _See Whittlestone, Inc. v. Handi-Craft Co._, 618 F.3d 970, 973-74 (9th Cir. 2010) (explaining that Rule 12(b)(6) is the appropriate mechanism for seeking dismissal of an improper prayer for relief).

Oppressive, fraudulent, or malicious conduct is a prerequisite for any punitive damages claim. _See_ Cal. Civ. Code § 3294(a) (emphasis added). In the wake of _Twombly_ and _Iqbal_, conclusory allegations of malice, fraud, or oppression are insufficient to state a prayer for punitive damages. _See Kelley v. Corrections Corp. of America_, 750 F. Supp. 2d 1132, 1147-48 (E.D. Cal. 2010). Here, Plaintiff fails to even offer conclusory allegations to support a claim for punitive damages. In fact, the words "malice, fraud, or oppression" are not used once in the Complaint. Because Plaintiff has not stated a plausible claim for punitive damages against Sephora, her request must

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

be properly dismissed from the Complaint. *See GBTI, Inc. v. Ins. Co. of Pennsylvania*, 2009 WL 2365409, at *8 (E.D. Cal. 2009) (dismissing request for punitive damages where plaintiff failed "to allege sufficient acts of malice, oppression or fraud to support punitive damages."); *Freedom Transp., Inc. v. Travelers Companies, Inc.*, 2016 WL 7496731, at *9 (C.D. Cal. 2016) (Bernal, J.) (finding conclusory allegations in support of punitive damages warranted dismissal where allegations lacked a corresponding factual basis).

**V.    CONCLUSION**

For all of the foregoing reasons, Sephora respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

Dated:  August 25, 2023          **BAKER & HOSTETLER LLP**

By:   */s/ Bethany G. Lukitsch*
        Bethany G. Lukitsch
        Kamran B. Ahmadian

Attorneys for Defendant
SEPHORA USA, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## **Local Rule 11-6.2 – Certificate of Compliance**

The undersigned, counsel of record for Sephora USA, Inc., certifies that this brief contains 6,859 words, which complies with the word limit of L.R. 11-6.1.


*/s/ Bethany G. Lukitsch*
Bethany G. Lukitsch

DEFENDANT SEPHORA USA, INC'S NOTICE OF MOTION AND MOTION TO DISMISS;
CASE NO.:  5:23-CV-883-SSS-KK