1  **PACIFIC TRIAL ATTORNEYS**
A Professional Corporation
2  Scott J. Ferrell (Bar No. 202091)
sferrell@pacifictrialattorneys.com
3  4100 Newport Place Drive, Suite 800
Newport Beach, California 92660
4  Telephone: (949) 706-6464
Facsimile: (949) 706-6469
5
6  Attorneys for Plaintiff

7

8              **UNITED STATE DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  ARISHA BYARS, individually and on          Case No. 5:23-cv-00883-SSS-KK
    behalf of all others similarly situated,
12                                             **MEMORANDUM OF POINTS AND**
                     Plaintiff,                **AUTHORITIES IN SUPPORT OF**
13                                             **PLAINTIFF'S RESPONSE IN**
              v.                               **OPPOSITION TO DEFENDANT'S**
14                                             **MOTION TO TRANSFER VENUE**
    SEPHORA USA, INC., a Delaware              **TO THE EASTERN DISTRICT OF**
15  corporation d/b/a                          **CALIFORNIA**
    WWW.SEPHORA.COM,
16                                             [Declarations of Arisha Byars and Scott
                     Defendant.                J. Ferrell; Request for Judicial Notice
17                                             filed concurrently herewith; [Proposed]
                                               Order lodged concurrently herewith]
18
                                               Date:        September 29, 2023
19                                             Time:        2:00 p.m.
                                               Courtroom:   2
20                                             Judge:       Hon. Sunshine S. Sykes

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page(s)

I.  INTRODUCTION ........................................................................................ 1

II. PROCEDURAL HISTORY ......................................................................... 1

III. ARGUMENT .............................................................................................. 3

    A.  Applicable Legal Standard ............................................................... 3

    B.  Plaintiff Could Not Have Brought Her Action in the Eastern District. ...... 4

        1.  Defendant Has Failed to Demonstrate that a Substantial Part of the Acts and Events Giving Rise to Plaintiff's Claims Occurred in the Eastern District. ............................................... 4

        2.  Defendant Has Failed to Demonstrate that It Was a Resident of the Eastern District If It Was a Separate State. ........................ 6

        3.  Defendant's Consent to Suit in the Eastern District Is Irrelevant. .... 7

    C.  The Interests of Justice Do Not Favor a Transfer. ......................... 7

        1.  Plaintiff's Choice of Venue Should Be Given at Least Some Weight Even If Such Weight Is Diminished by Filing a Putative Class Action. ........................................................... 7

        2.  Plaintiff Did Not Engage in Forum Shopping. ................... 9

            a.  Plaintiff Sued in Her Home District, Which Has Substantial Ties to the Controversy. ........................... 9

            b.  Plaintiff Filed the Instant Action After Plaintiff's Counsel Realized that Her Substantive Action Was More Likely to Prevail Than Martin's Then-Pending Action. .................... 10

            c.  Multiple Unfavorable Decisions Were Issued in the Central District Before Plaintiff Commenced the Instant Action. .... 10

            d.  Plaintiff Did Not Engage in "Judge Shopping" by Filing the Instant Action. ........................................................... 11

            e.  Plaintiff Was Never a Party in the *Martin* Action So She Never Received an Unfavorable Ruling. ..................... 14

f.    *Meza v. Procter & Gamble Co.* and Similar Non-Binding
District Court Decisions Contradict Ninth Circuit Precedent.
............................................................................... 14

g.    The Instant Motion Is an Attempt at Judge Shopping.......... 17

3.    Other Interest of Justice Factors Favor Plaintiff. ........................... 18

4.    Other Interest of Justice Factors Are Neutral. ............................... 18

D.    The Convenience Factors Favor Plaintiff................................................. 19

1.    The Convenience of the Parties Strongly Favors Plaintiff's Choice
of Venue. ......................................................................................... 19

2.    The Convenience of the Witnesses Factor, Which Is the Most
Important Factor, Is Neutral Because Defendant Has Made No
Evidentiary Showing As to the Convenience of the Non-Party
Witnesses.......................................................................................... 19

3.    Because a Transfer Here Would Merely Shift the Inconvenience
From One Party to Another, the Instant Motion Should Be Denied.
........................................................................................................ 20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Alexander v. Franklin Resources, Inc.*,
  2007 WL 518859 (N.D. Cal. Feb. 14, 2007) ................................................14, 17

*Alpha Floors, Inc. v. Dyno Exchange*,
  2016 WL 11495985 (C.D. Cal. Dec. 12, 2016) ..................................................12

*Audionics System, Inc. v. AAMP of Florida, Inc.*,
  2013 WL 12129650 (C.D. Cal. Apr. 19, 2013) ..................................................13

*Banga v. First USA, NA*,
  2010 WL 727749 (E.D. Cal. Mar. 2, 2010) ........................................................14

*Byars v. Goodyear Tire & Rubber Co.*,
  No. 5:22-cv-01358-SSS-KK (C.D. Cal. filed Aug. 1, 2022)...................3, 12, 13

*Byars v. Hot Topic, Inc.*,
  2023 WL 2026994 (C.D. Cal. Feb. 14, 2023) ....................................................11

*Byars v. Macy's Inc.*,
  No. 5:23-cv-00456-SSS-KK (C.D. Cal. removal notice filed Mar. 16,
  2023) ...........................................................................................................3

*Byars v. Sterling Jewelers, Inc.*,
  2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) ......................................................10

*Byars v. Sterling Jewelers, Inc.*,
  2023 WL 4195768 (C.D. Cal. May 18, 2023) ...............................................10, 11

*Carrera v. First American Home Buyers Protection Co.*,
  2012 WL 13012698 (C.D. Cal. Jan. 24, 2012) ...............................................7, 17

*Cody v. Boscov's, Inc.*,
  2023 WL 2338302 (C.D. Cal. Mar. 2, 2023).....................................................11

*Cody v. Glasses USA, Inc.*,
  No. 8:23-cv-01545-JVS-KES, Doc. 11 (C.D. Cal. Aug. 30, 2023)...................13

*Commercial Space Mngt. Co., Inc. v. Boeing Co., Inc.*,
  193 F.3d 1074 (9th Cir. 1999) .......................................................................2, 3

*Decker Coal Co. v. Commonwealth Edison Co.*,
   805 F.2d 834 (9th Cir. 1986) ............................................................4, 8

*Forrand v. Federal Exp. Corp.*,
   2008 WL 276389 (N.D. Cal. Jan. 31, 2008)......................................16

*Garcia v. Yeti Coolers, LLC*,
   2023 WL 5736006 (C.D. Cal. Sept. 5, 2023) ....................................13

*Gulf Oil Corp. v. Gilbert*,
   330 U.S. 501 (1947)..........................................................................7, 8

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497 (9th Cir. 1992) ..............................................................10

*Hoffman v. Blaski*,
   363 U.S. 335 (1960)................................................................................7

*Johnson v. Law*,
   19 F. Supp. 3d 1004 (S.D. Cal. 2014)...................................................5

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) .................................................................3

*Keilholtz v. Superior Fireplace Co.*,
   2008 WL 541147 (N.D. Cal. Dec. 29, 2008)...............................12, 14

*LegalForce, Inc. v. Legalzoom.com, Inc.*,
   2018 WL 6179319 (C.D. Cal. Nov. 27, 2018) ......................... *passim*

*Licea v. American Eagle Outfitters, Inc.*,
   2023 WL 2469630 (C.D. Cal. Mar. 7, 2023).......................................11

*Licea v. Caraway Home Inc.*,
   2023 WL 1999496 (C.D. Cal. Feb. 9, 2023) ......................................11

*Licea v. Cinmar, LLC*,
   2023 WL 2415592 (C.D. Cal. Mar. 7, 2023).......................................11

*Licea v. Old Navy, LLC*,
   2023 WL 3012527 (C.D. Cal. Apr. 19, 2023) .....................................11

*Lodestar Anstalt v. Bacardi & Co. Ltd.*,
   2017 WL 1434265 (C.D. Cal. Apr. 21, 2017) ....................... 4, 7, 8, 19

*Martin v. Sephora USA, Inc.*,
    No. 1:22-cv-01355-JLT-SAB (E.D. Cal. dism. May 16, 2023) ................. *passim*

*Martin v. Sephora USA, Inc.*,
    No. 1:22-cv-01355-JLT-SAB, Doc. 21 (E.D. Cal. Mar. 30, 2023)
    (F&R) (Boone, Mag. J.), *adopted in*, Doc. 25 (E.D. Cal. Apr. 24, 2023)
    (Thurston, J.) ....................................................................................................1

*Martin v. Sephora USA, Inc.*,
    No. 1:22-cv-01355-JLT-SAB, Doc. 25 (E.D. Cal. April 24, 2023)
    (Thurston, J.) ....................................................................................................1

*Martin v. Sephora USA, Inc.*,
    No. 1:22-cv-01355-JLT-SAB, Doc. 30 (E.D. Cal. May 17, 2023)
    (Boone, Mag. J.)........................................................................................3, 12

*Metz v. U.S. Life Ins. Co. in City of New York*,
    674 F. Supp. 2d 1141 (C.D. Cal. 2009) ....................................................4, 8

*Meza v. Procter & Gamble Co.*,
    2023 WL 3267861 (C.D. Cal. Apr. 27, 2023) ................................ 14, 15, 16, 17

*Mitchell v. Deutsche Bank Nat'l Trust Co.*,
    2015 WL 12867746 (C.D. Cal. Oct. 29, 2015)..............................................9

*R.R. Street & Co. Inc. v. Transport Ins. Co.*,
    656 F.3d 966 (9th Cir. 2011) ................................................. 15, 16, 17

*Rubio v. Monsanto Co.*,
    181 F. Supp. 3d 746 (C.D. Cal. 2016) ....................................................3, 4

*Safarian v. Maserati N. Am., Inc.*,
    559 F. Supp. 2d 1068 (C.D. Cal. 2008) ................................................4

*Saleh v. Nike, Inc.*,
    562 F. Supp. 3d 503 (C.D. Cal. 2021) ................................................13

*Schoonover v. Iovate Health Sciences U.S.A. Inc.*,
    2020 WL 5015269 (C.D. Cal. June 18, 2020).......................................8, 18, 20

*Sedaker Group of Southern California Inc. v. DirectBuy Inc.*,
    2015 WL 13919071 (C.D. Cal. May 15, 2015)....................................................7

*Seneca Ins. Co., Inc. v. Strange Land, Inc.*,
   862 F.3d 835 (9th Cir. 2017) ........................................................................9, 16

*Shields v. Amerigas Propane, Inc.*,
   2015 WL 5436772 (E.D. Cal. Sept. 15, 2015) ...................................................17

*Smith v. Bayer Corp.*,
   564 U.S. 299 (2011) .................................................................................. *passim*

*Smith v. Lenches*,
   263 F.3d 972 (9th Cir. 2001) .............................................................................18

*Tittl v. Hilton Worldwide, Inc.*,
   2013 WL 1087730 (E.D. Cal. Mar. 14, 2013) .............................................17, 18

*Trottier v. Fieldcore Servs. Solutions, LLC*,
   2020 WL 13304063 (C.D. Cal. Aug. 3, 2020) ...................................................16

*Valenzuela v. Faherty Brand, LLC*,
   No. 8:23-cv-01574-JVS-JDE, Doc. 9 (C.D. Cal. Aug. 31, 2023) .....................13

*Valenzuela v. Nationwide Mutual Ins. Co.*,
   2023 WL 5266033 (C.D. Cal. Aug. 14, 2023) ...................................................13

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964) .............................................................................................4

*Vital Pharmaceuticals, Inc. v. Monster Energy Co.*,
   2020 WL 6162796 (C.D. Cal. Aug. 27, 2020) .......................................9, 10, 14

*Viva Healthcare Packaging, Ltd. v. CTL Packaging USA, Inc.*,
   2013 WL 12142564 (C.D. Cal. Oct. 8, 2013).................................... 8, 18, 19, 20

*Wallace v. Countrywide Home Loans, Inc.*,
   2009 WL 4349534 (C.D. Cal. Nov. 23, 2009) .....................................................7

*Williams v. WinCo Foods, LLC*,
   2013 WL 211246 (E.D. Cal. Jan. 10, 2013) .......................................................16

*Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*,
   2003 WL 22387598 (N.D. Cal. Oct. 14, 2003) ...................................................9

*WP Banquet, LLC v. Target Corp.*,
   2016 WL 9450448 (C.D. Cal. Dec. 15, 2016)..............................................19, 20

MEM ISO RESPONSE TO MTN TRANSFER

*Yoon v. Lululemon USA, Inc.*,
    549 F. Supp. 3d 1073 (C.D. Cal. 2021) ................................................13

**U.S. Constitution**

Article III ..........................................................................................................10

**Federal Statutes**

28 U.S.C.
    § 1391(b)(1) ....................................................................................................6
    § 1391(b)(2) ....................................................................................................5
    § 1391(c) .........................................................................................................7
    § 1391(d) .....................................................................................................6, 7
    § 1404(a) ................................................................................................ *passim*
    CAFA .............................................................................................................11

**California Statutes**

Penal Code
    § 631(a) ...............................................................................................1, 2, 11
    § 632.7 ................................................................................................1, 2, 11
    California Invasion of Privacy Act .................................................. 10, 12, 13

**Federal Rules**

Rules of Civil Procedure
    Rule 30(b)(4)..................................................................................................18
    Rule 41(a)(1) ...................................................................................................3
    Rule 41(a)(1)(A)(i).........................................................................................2

Local Rules
    Rule 83-1.2.1 .................................................................................................14
    Rule 83-1.3 .....................................................................................................12
    Rule 83-1.3.1 .......................................................................................2, 11, 12

Gen. Order 16-05 ..............................................................................................12

**Other Authorities**

Defendant Sephora USA, Inc.'s Motion to Dismiss Plaintiff's Class Action
    Complaint filed on January 24, 2023, in *Martin v. Sephora USA, Inc.*,
    No. 1:22-cv-01355-JLT-SAB, Doc. 12 (E.D. Cal. Jan. 24, 2023) .................1, 10

Defendant Sephora USA, Inc.'s Motion to Dismiss Plaintiff's First
Amended Class Action Complaint filed on May 15, 2023, in *Martin v.
Sephora USA, Inc.*, No. 1:22-cv-01355-JLT-SAB, Doc. 26 (E.D. Cal.
May 15, 2023) ..................................................................................................2

Findings and Recommendations Recommending Granting in Part Motion
to Dismiss filed on March 30, 2023, in *Martin v. Sephora USA, Inc.*,
No. 1:22-cv-01355-JLT-SAB, Doc. 21 (E.D. Cal. Mar. 30, 2023) .....................1

First Amended Class Action Complaint for Violation of the California
Invasion of Privacy Act ("CIPA") filed on April 4, 2023 (and
subsequently deemed filed as of April 24, 2023), in *Martin v. Sephora
USA, Inc.*, No. 1:22-cv-01355-JLT-SAB, Doc. 22 (E.D. Cal. Apr. 4,
2023) .................................................................................................................1

https://www.census.gov/data/tables/time-series/demo/popest/2020s-
counties-total.html (last visited Sept. 4, 2023) (table estimating the
population of all California counties as of July 1, 2022 obtained from
the website of the U.S. Census Bureau)...........................................................18

https://www.census.gov/quickfacts/fact/table/CA (last visited Sept. 4,
2023) (table estimating the population of California state as of July 1,
2022 obtained from the website of the U.S. Census Bureau)...........................18

https://www.uscourts.gov/statistics/table/na/federal-court-management-
statistics/2023/06/30-1 (last visited Aug. 30, 2023) (excerpt of the
Judicial Caseload Profile for the U.S. District Court for the Eastern
District of California and the U.S. District Court for the Central District
of California within the Federal Court Management Statistics for the
reporting period ending on June 30, 2023, which is available for
download from the website of the Administrative Office of the United
States Courts) ..................................................................................................18

Memorandum of Points and Authorities in Support of Plaintiff's Response
in Opposition to Defendant's Motion to Dismiss Plaintiff's Class
Action Complaint filed on February 7, 2023, in *Martin v. Sephora USA,
Inc.*, No. 1:22-cv-01355-JLT-SAB, Doc. 14 (E.D. Cal. Feb. 7, 2023) ...............1

Notice of Related Cases ........................................................................ 2, 11, 12, 13

PACER docket sheet of *Martin v. Sephora USA, Inc.*, No. 1:22-cv-01355-
JLT-SAB (E.D. Cal.), as of September 1, 2023 ...................................................1

Plaintiff's Notice of Dismissal Without Prejudice Pursuant to Federal Rule
 of Civil Procedure 41(a)(1)(A)(ii), filed and entered on May 16, 2023,
 in *Martin v. Sephora USA, Inc.*, No. 1:22-cv-01355-JLT-SAB, Doc. 29
 (E.D. Cal. May 16, 2023)........................................................................2

The Rutter Group, Federal Civil Procedure Before Trial  (2023)
 ¶ 4:230..............................................................................................6
 ¶ 4:732............................................................................................19

MEM ISO RESPONSE TO MTN TRANSFER

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.     **INTRODUCTION**

Defendant's Motion is premised on an entirely false narrative – one that Defendant's counsel knows to be untrue.  As shown below, the Motion should be denied, and Defendant's counsel should be reminded of their duty of candor to this Court.

### II.     **PROCEDURAL HISTORY**

On October 23, 2022, Ruth Martin ("Martin") commenced a putative class action in the Eastern District of California ("Eastern District") in *Martin v. Sephora USA, Inc.*, No. 1:22-cv-01355-JLT-SAB (E.D. Cal. voluntarily dismissed May 16, 2023) ("*Martin*") against Defendant Sephora USA, Inc. ("Defendant") alleging two claims for relief under sections 631(a) and 632.7 of the California Penal Code.  Although *Martin* was pled as a putative class action, no class was ever certified as reflected in the docket.  (RJN Ex. 9.)

On January 24, 2023, Defendant filed a Motion to Dismiss in the *Martin* action alleging in part a consent defense.  (RJN Ex. 1 at 9:27-11:27.)

On February 7, 2023, Martin filed an opposition to such Motion to Dismiss in the *Martin* action.  (RJN Ex. 2.)

On February 17, 2023, the "matter" in *Martin* was referred to Magistrate Judge Stanley A. Boone to issue findings and recommendations.  (RJN Ex. 9.)

On March 30, 2023, Magistrate Judge Boone filed Findings and Recommendations Recommending Granting in Part Motion to Dismiss in *Martin* including the recommendation that leave to amend be granted as to the first cause of action only, *i.e.*, section 631(a) of the Penal Code.  (RJN Ex. 3.)

On April 24, 2023, the *Martin* court issued an Order Adopting Findings and Recommendations in full.  (RJN Ex. 5.)  As such, Martin's previously-filed First Amended Complaint ("FAC") was deemed to be filed as of that date, and Defendant had 21 days to file a responsive pleading.  (RJN Exs. 4-5.)

On May 13, 2023, Defendant's counsel, attempting to meet and confer before moving to dismiss the FAC in *Martin*, claimed via email that Defendant had disclosed a

warning notice on its Website's chat feature as of June 6, 2022. (Ferrell Decl. ¶ 10.) Plaintiff's investigation determined that such contention was false, (*id.* ¶¶ 2, 20 & Exs. 1, 3), but it raised the distinct possibility that Defendant might have a unique defense against Martin's action based on consent, and that Plaintiff's action would be much stronger because of the earlier timing of Plaintiff's visit, (*id.* ¶¶ 16-19).

On May 15, 2023, Defendant filed a Motion to Dismiss Plaintiff's FAC in *Martin*, *which conspicuously omitted the previously-threatened consent defense*. (RJN Ex. 6.)

On May 16, 2023, at 2:51 p.m. PDT, Martin filed "Plaintiff's Notice of Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)" in *Martin*, which stated:

> "Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiff Ruth Martin dismisses without prejudice this action against Sephora USA, Inc. Defendant has not yet filed or served an answer to Plaintiff's Complaint, nor filed a motion for summary judgment."

(RJN Ex. 7 at 2:1-4; Ferrell Decl. ¶ 21.) Thus, as of 2:51 p.m. on May 16, 2023, *Martin* ceased to exist as a pending action.

On that same date, at 3:13 p.m. PDT, Plaintiff commenced the instant action against Defendant alleging two claims for relief under sections 631(a) and 632.7 of the Penal Code.[1] (Doc. 1; Ferrell Decl. ¶ 22.) Thus, as of the time that Plaintiff commenced the instant action, *Martin* was no longer pending regardless of whether or not the court therein administratively "closed" the case or not. *Commercial Space Mngt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1078 (9th Cir. 1999).

On May 16, 2023, Plaintiff filed a Notice of Related Cases in the instant action pursuant to L.R. 83-1.3.1. Plaintiff stated that the instant action "is related to two

---

[1] Defendant's contention that Plaintiff is alleging the exact same claim under § 631(a) that had been dismissed with prejudice by the *Martin* court, (Def.'s Mem. at 8:13-14), is mistaken. Although the *Martin* court dismissed with prejudice Martin's claim in the original complaint under § 631(a) for *direct party liability* under the first, second, and third clauses of § 631(a), the Complaint in the instant action is pursuing a § 631(a) claim solely under a *derivative liability* theory under the fourth clause of § 631(a).

previously-filed and pending actions": (1) *Arisha Byars v. Macy's Inc.*, No. 5:23-cv-00456-SSS-KK; and (2) *Arisha Byars v. Goodyear Tire & Rubber Co.*, No. 5:22-cv-01358-SSS-KK.  (Doc. 5.)

On May 17, 2023, the *Martin* court issued an order directing the Clerk of Court to close that case, which quoted the Ninth Circuit's decision in *Commercial Space Mngt. Co.*, 193 F.3d at 1078, as follows:

> "***[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required***, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it."

(RJN Ex. 8 at 1:26-28) (emphasis added).

On May 17, 2023, the instant action was assigned to the Honorable Jesus G. Bernal. (Doc. 6.)

On May 19, 2023, the Court issued an order consenting to the transfer of the instant action to this Court based upon multiple reasons.  (Doc. 10.)

On June 28, 2023, Plaintiff sent a Notice of Lawsuit and Request for Waiver of Service Summons to Defendant, which Defendant signed on July 17, 2023, (Ferrell Decl. ¶ 24 & Ex. 5), which allowed Defendant to file a timely responsive pleading by August 28, 2023.

On August 25, 2023, Defendant filed the instant Motion, (Doc. 13), and a Motion to Dismiss, (Doc. 15).

## III.    ARGUMENT

### A.    Applicable Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  "Under § 1404(a), the district court has discretion 'to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.''" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  "In deciding a motion to transfer venue, the court typically

weighs a number of public and private factors, including (1) plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of books and records; (5) which forum's law applies; (6) the interests of justice; and (7) administrative considerations." *Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 759 (C.D. Cal. 2016).

"The defendant must make a ***strong*** showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (emphasis added). Transfer must do more than merely "shift the inconvenience from one party to another." *Safarian v. Maserati N. Am., Inc.*, 559 F. Supp. 2d 1068, 1071 (C.D. Cal. 2008) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964) ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient.")); *Decker Coal Co.*, 805 F.2d at 843 (affirming denial of defendant's motion to transfer) ("The transfer would merely shift rather than eliminate the inconvenience.").

"The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer." *Lodestar Anstalt v. Bacardi & Co. Ltd.*, 2017 WL 1434265, at *2 (C.D. Cal. Apr. 21, 2017). "The decision to transfer lies within the sound discretion of the trial judge." *Lodestar*, 2017 WL 1434265, at *2.

**B.    Plaintiff Could Not Have Brought Her Action in the Eastern District.**

"[T]he defendant must establish that the matter 'might have been brought' in the district to which transfer is sought." *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009). "'This includes demonstrating that … venue would have been proper ***if the plaintiff had filed the action in the district to which transfer is sought***.'" *Id.* at 1145 (emphasis added and citations omitted). This begs the question whether venue would have been proper if Plaintiff had filed the instant action in the Eastern District. The answer is that Defendant has miserably failed to satisfy its burden of proof on this precise issue.

**1.    Defendant Has Failed to Demonstrate that a Substantial Part of the**

- 4 -

**Acts and Events Giving Rise to Plaintiff's Claims Occurred in the
Eastern District.**

Although Defendant contends that "a 'substantial part of the acts and events giving rise to the claims occurred in [the Eastern District of California]," (Def.'s Mem. at 5:19-20), the *Martin* action does not count as a case in which **Plaintiff** was a **party** because a class was never certified in that action. *Smith v. Bayer Corp.*, 564 U.S. 299, 315 (2011) ("Neither a proposed class action nor a rejected class action may bind nonparties."); *id.* at 318 ("the mere proposal of a class in the federal action could not bind persons who were not parties there"). Defendant's failure to address *Smith*, which is binding precedent, is inexcusable.

Defendant ignores addressing the question how it would have been appropriate for **Plaintiff** to establish venue in the Eastern District given that Plaintiff has expressly alleged that "a substantial part of the acts and events giving rise to the claims occurred in this District." (Compl. ¶ 2.) Indeed, Plaintiff was located in the Central District of California ("Central District") at all relevant times pertaining to the allegations in the Complaint. (Byars Decl. ¶ 3.) As such, it would have been improper for Plaintiff to attempt to establish venue in the Eastern District given that she could not have satisfied the venue requirements of 28 U.S.C. 1391(b)(2) had she filed suit instead in the Eastern District.

The mere fact that the Complaint is pled as a putative class action is irrelevant under 28 U.S.C. § 1391(b)(2). *Johnson v. Law*, 19 F. Supp. 3d 1004, 1009 (S.D. Cal. 2014) ("determination of proper venue is generally based on the named plaintiff, not unnamed or absent putative class members") (citing case); *id.* at 1010 ("the claims of possible other class members are irrelevant to the venue determination [under § 1391(b)(2)]").

Defendant's reliance upon *LegalForce, Inc. v. Legalzoom.com, Inc.*, 2018 WL 6179319 (C.D. Cal. Nov. 27, 2018), is misplaced because both parties therein asserted that "a substantial part of the events giving rise to this claim occurred" in the transferee

district.  *Id.* at *2.  In contrast, Plaintiff, here, has not asserted that a substantial part of the events giving rise to *her* claim occurred in the Eastern District.

In addition, the plaintiff entity in *LegalForce* "actually did bring" its action in the Northern District of California ("Northern District") before it voluntarily dismissed its operative pleading, and subsequently filed a complaint in the Central District.  *Id.* at *1-*2.  Here, in contrast, Plaintiff did not bring any action in the Eastern District.

**2.    Defendant Has Failed to Demonstrate that It Was a Resident of the Eastern District If It Was a Separate State.**

Although Defendant contends that it is "subject to personal jurisdiction in the Eastern District" "because" its "principal place of business is in California," (Def.'s Mem. at 5:17-18), that contention is irrelevant for purposes of the relevant venue inquiry here.

"A civil action may be brought in … a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located…."  28 U.S.C. § 1391(b)(1).  "For purposes of venue under this chapter, *in a State which has more than one judicial district* and in which a defendant that is a *corporation* is subject to personal jurisdiction at the time an action is commenced, *such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State*, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the *most significant contacts*."[2]  28 U.S.C. § 1391(d) (emphasis added); The Rutter Group, Federal Civil Procedure Before Trial ¶ 4:230 (2023) ("Rutter Group") ("For federal *venue* purposes, … the corporation's 'contacts' with the *district* are determinative.") (emphasis in original).

Defendant has made absolutely no attempt to demonstrate via admissible evidence that if the Eastern District were "a separate State," "its contacts would be sufficient to

---

[2] Plaintiff's investigation has determined that Defendant's headquarters are located in the City of San Francisco, which is located in the Northern District.  (Ferrell Decl. ¶ 25 & Exs. 6-7.)  Thus, the Court should deem Defendant to reside in the Northern District.

subject it to personal jurisdiction."[3]  28 U.S.C. § 1391(d).  That is, Defendant has made no attempt to demonstrate that general personal jurisdiction can be exercised over itself in the Eastern District.  Indeed, Plaintiff has shown that its corporate headquarters are located in the Northern District.  (Ferrell Decl. ¶ 25 & Exs. 6-7.)  Also, Defendant has made no attempt to show that specific personal jurisdiction exists over Defendant *in the Eastern District based on Plaintiff's claims*.

Defendant's reliance upon *Carrera v. First American Home Buyers Protection Co.*, 2012 WL 13012698, at \*5 (C.D. Cal. Jan. 24, 2012), is misplaced because *Carrera* failed to address the venue requirements of 28 U.S.C. § 1391(d).  *Carrera* addressed § 1391(c) only.  2012 WL 13012698, at \*5.

**3.    Defendant's Consent to Suit in the Eastern District Is Irrelevant.**

Defendant's consent to suit in the Eastern District is irrelevant.  "Under 28 U.S.C. § 1404(a), a court can only transfer an action to the venue where it 'might have been brought,' *not 'where it may now be rebrought, with defendants' consent*.'"  *Sedaker Group of Southern California Inc. v. DirectBuy Inc.*, 2015 WL 13919071, at \*2 (C.D. Cal. May 15, 2015) (emphasis added) (citation omitted); *Hoffman v. Blaski*, 363 U.S. 335, 342-43 (1960).

Thus, because Defendant has failed to satisfy the threshold requirement that it show that Plaintiff could have filed her suit in the Eastern District, the Court need not address the remaining interest of justice and convenience factors.

**C.    The Interests of Justice Do Not Favor a Transfer.**

**1.    Plaintiff's Choice of Venue Should Be Given at Least Some Weight Even If Such Weight Is Diminished by Filing a Putative Class Action.**

"Ordinarily, where relevant factors do not strongly favor transfer, 'the plaintiff's choice of forum should rarely be disturbed.'"  *Lodestar*, 2017 WL 1434265, at \*4

---

[3] The Court should disregard any attempt to introduce extrinsic evidence via Defendant's reply as untimely because it should have been submitted with its initial Memorandum.  "A district court may refuse to consider new evidence submitted for the first time in a reply if the evidence should have been presented with the opening brief."  *Wallace v. Countrywide Home Loans, Inc.*, 2009 WL 4349534, at \*7 (C.D. Cal. Nov. 23, 2009).

(quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). "There is a strong presumption in favor of Plaintiffs' choice of forum." *Viva Healthcare Packaging, Ltd. v. CTL Packaging USA, Inc.*, 2013 WL 12142564, at *2 (C.D. Cal. Oct. 8, 2013) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)). "However, deference to the plaintiff's choice of venue [is] diminished if the moving party establishes one or more of the following factors:

> (1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the forum."

*Lodestar*, 2017 WL 1434265, at *4 (quoting *Metz*, 674 F. Supp. 2d at 1146).

Notably, in stark contrast, the operative facts have occurred within the forum venue of the Central District, and the Court does have a significant connection to the activities alleged in the Complaint because Plaintiff, a California resident, (Byars Decl. ¶ 2), has visited Defendant's Website and used its Website while located in the Central District, (Byars Decl. ¶¶ 2-3).

Although Defendant argues that Plaintiff's choice of venue should be ignored entirely because she has pled her action as a putative class action, (Def.'s Mem. at 6:16-19), even if the weight of Plaintiff's choice of venue is diminished to a certain degree under Ninth Circuit authority because of the manner in which Plaintiff has pled the instant putative class action, Plaintiff's choice should still be given *some* weight because of Plaintiff's residency within the Central District and the fact that the material events that triggered Plaintiff's filing of the instant action occurred in the Central District. *Schoonover v. Iovate Health Sciences U.S.A. Inc.*, 2020 WL 5015269, at *3 (C.D. Cal. June 18, 2020) ("[A]lthough Plaintiff's choice of forum is given *somewhat less weight* since she does not reside here and is representing a class, *it is nevertheless entitled to some weight* because she purchased the product here.") (emphasis added). Thus,

Defendant's argument that Plaintiff's choice of venue should be ignored as completely irrelevant is mistaken.

### 2. Plaintiff Did Not Engage in Forum Shopping.

Defendant's forum shopping and "gamesmanship" accusations, (Def.'s Mem. at 6:22-9:13), are without merit for multiple reasons addressed below.

### a. Plaintiff Sued in Her Home District, Which Has Substantial Ties to the Controversy.

Plaintiff is a resident of the Central District, and her chat communications occurred while she was located in such District. (Byars Decl. ¶¶ 2-3.) Defendant's argument that Plaintiff engaged in forum shopping by selecting her home District in which to sue ignores case authority cited by Defendant explaining that "concerns of forum-shopping are potentially present when *a plaintiff pursues litigation outside his home district*." *Mitchell v. Deutsche Bank Nat'l Trust Co.*, 2015 WL 12867746, at *3 (C.D. Cal. Oct. 29, 2015) (emphasis added); *Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, 2003 WL 22387598, at *5 (N.D. Cal. Oct. 14, 2003) (noting that "the transfer statute has a built-in mechanism to remedy the evils of forum shopping by giving little or no weight to *the plaintiff's choice of forum away from home and without ties to the controversy*") (emphasis added). Thus, forum shopping should not be inferred if the plaintiff's choice of forum is her home District and the chosen forum has substantial ties to the controversy as is the case here. "It typically does not constitute forum shopping where a party 'acted within his rights in filing a suit in the forum of his choice,' even where '[t]he chronology of events suggests that both parties took a somewhat opportunistic approach to th[e] litigation[.]'" *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 846 (9th Cir. 2017) (internal citation omitted).

Defendant's reliance on *Vital Pharmaceuticals, Inc. v. Monster Energy Co.*, 2020 WL 6162796 (C.D. Cal. Aug. 27, 2020), is misplaced because the Court found forum shopping to exist because "Plaintiff filed this matter in *a forum thousands of miles away from its home district* and after unfavorable rulings from that district." *Id.* at *3

(emphasis added). Notably, those "unfavorable rulings" were against the plaintiff in its first filed action in the Southern District of Florida. *Id.*

> **b. Plaintiff Filed the Instant Action After Plaintiff's Counsel Realized that Her Substantive Action Was More Likely to Prevail Than Martin's Then-Pending Action.**

Defendant's forum shopping accusations are without merit. In reality, Plaintiff filed the instant action after Plaintiff's counsel, who is also the counsel for Martin in the *Martin* action, realized that Plaintiff's action was more likely to prevail on the merits than Martin's then-pending action in light of Defendant's consent defense asserted by Defendant in *Martin*. (Ferrell Decl. ¶¶ 16-19.) "[C]lass certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Defendant represented to the court in the *Martin* action that it had installed a warning notice on its chat feature on its Website before Martin used it in late October 2022.[4] (RJN Ex. 1 at 10:8-11.) If Defendant's representation to the *Martin* court was true, then Plaintiff's action is surely much stronger as to such defense because Plaintiff used the Website in August 2022. (Byars Decl. ¶ 2.)

> **c. Multiple Unfavorable Decisions Were Issued in the Central District Before Plaintiff Commenced the Instant Action.**

Defendant's implicit assumption that Plaintiff filed her action in the Central District because it was viewed as a favorable forum is without merit. As Defendant is well aware, multiple other judges in the Central District have issued various unfavorable rulings on dispositive motions involving similar CIPA claims **before** the instant action was filed. *See, e.g.*, *Byars v. Sterling Jewelers, Inc.*, 2023 WL 2996686, at *2-*4 (C.D. Cal. Apr. 5, 2023) (dismissing action for lack of Article III standing to sue), *Byars v. Sterling Jewelers, Inc.*, 2023 WL 4195768 (C.D. Cal. May 18, 2023) (denying motion for

---

[4] As mentioned above, Defendant's representation to Plaintiff's counsel that it installed such warning notice on June 6, 2022, (Ferrell Decl. ¶¶ 10, 14), is false, (Ferrell Decl. ¶ 2 & Ex. 1).

reconsideration); *Licea v. Cinmar, LLC*, 2023 WL 2415592, at \*4-\*13 (C.D. Cal. Mar. 7, 2023) (dismissing section 631(a) claim with leave to amend, and dismissing section 632.7 claim without leave to amend); *Licea v. American Eagle Outfitters, Inc.*, 2023 WL 2469630, at \*4-\*10 (C.D. Cal. Mar. 7, 2023) (dismissing section 631(a) claim with leave to amend); *Byars v. Hot Topic, Inc.*, 2023 WL 2026994, at \*5-\*12 (C.D. Cal. Feb. 14, 2023) (finding lack of CAFA subject matter jurisdiction and dismissing claims under sections 631(a) and 632.7); *Licea v. Caraway Home Inc.*, 2023 WL 1999496, at \*6-\*10 (C.D. Cal. Feb. 9, 2023) (finding lack of CAFA subject matter jurisdiction and lack of personal jurisdiction).

Indeed, even several of the decisions authored by this Court have not been favorable in certain important respects. *Licea v. Old Navy, LLC*, 2023 WL 3012527, at \*4 (C.D. Cal. Apr. 19, 2023) (dismissing section 631(a) claim for direct liability with prejudice and dismissing section 631(a) for derivative liability with leave to amend); *Cody v. Boscov's, Inc.*, 2023 WL 2338302, \*2-\*3 (C.D. Cal. Mar. 2, 2023) (dismissing section 631(a) claim for direct liability with prejudice and dismissing section 631(a) for derivative liability and section 632.7 claim with leave to amend).

Defendant conveniently ignores the foregoing unfavorable case authority because it contradicts Defendant's forum shopping narrative.

### d. Plaintiff Did Not Engage in "Judge Shopping" by Filing the Instant Action.

Defendant's argument that Plaintiff and her counsel have engaged in improper "judge shopping" to ensure that the instant action would be assigned to this Court is simply wrong.

As an initial matter, Defendant expressly argues that Plaintiff violated L.R. 83-1.3.1 by not disclosing the alleged circumstance that *Martin* was "pending" in Plaintiff's Notice of Related Cases filed in the instant action.[5]    (Def.'s Mem. at 3:28-4:2.)

---

[5] Defendant's contention that Plaintiff filed the instant action before *Martin* was "officially dismissed by the Eastern District," (Def.'s Mem. at 3:20-23), is misleading
Continued on the next page

Defendant's reliance on L.R. 83-1.3 is, however, misplaced because its plain language applies only to multiple cases pending and filed in the Central District. L.R. 83-1.3.1 requires parties to promptly file a Notice of Related Cases whenever "two or more civil cases **filed in this District**" "would entail substantial duplication of labor if heard by different judges." (L.R. 83-1.3.1) (emphasis added). Needless to say, "this District" means the Central District only. Thus, L.R. 83-1.3.1 did not require that Plaintiff file a Notice of Related Cases to disclose the existence of *Martin*, which, in any event, had already been voluntarily dismissed without prejudice by Martin by the time that the Notice of Related Cases was filed in the instant action. Thus, Plaintiff filed its Notice of Related Cases in the instant action appropriately. Defendant's argument to the contrary is baseless.

In addition, it was appropriate for Plaintiff to file a Notice of Related Cases in light of this Court's assignment to *Byars v. The Goodyear Tire and Rubber Co.*, No. 5:22-cv-01358-SSS-KK (C.D. Cal. filed Aug. 1, 2022), which was the first-filed action in any CIPA case involving Plaintiff as a party. "The Court's 'low-number transfer' procedure reassigns related cases to the docket of the judge with the lowest-numbered case without regard to the division in which the later-filed (or … the later-removed) cases would otherwise be assigned." *Alpha Floors, Inc. v. Dyno Exchange*, 2016 WL 11495985, at *2 (C.D. Cal. Dec. 12, 2016) (citing Gen. Order 16-05 at 20)). Given that this Court has the low number case in which Plaintiff is a party, the Court's procedure for transferring related cases to the judge with the low number case, and case authority reflecting the

---

because it implies that the *Martin* court was required to effectuate the dismissal of that action via a court order, **which expressly contradicts its order stating that "no court order is required"**. (RJN Ex. 8 at 1:26-28) (emphasis added).

Defendant can't have it both ways. Although Defendant has concurrently challenged the propriety of Plaintiff filing a Notice of Related Cases under L.R. 83-1.3.1 in the instant action, (Def.'s Mem. at 12:9-14:14), Defendant has also accused Plaintiff of violating L.R. 83-1.3.1 by not disclosing the existence of *Martin* despite its voluntary dismissal before such Notice of Related Cases was filed, (Def.'s Mem. at 3:28-4:2). One can imagine the accusations that Defendant would have made if Plaintiff had failed to file any Notice of Related Case in the instant action. Indeed, in *Keilholtz v. Superior Fireplace Co.*, 2008 WL 541147 (N.D. Cal. Dec. 29, 2008), the court found judge shopping had occurred in part based on the plaintiffs' failure to file any notice of related cases. *Id.* at *2.

1  Court agreeing to allow a low number transfer of related cases, *see, e.g.*, *Audionics*

2  *System, Inc. v. AAMP of Florida, Inc.*, 2013 WL 12129650, at *8 (C.D. Cal. Apr. 19,

3  2013) ("The court will accept a low number transfer"), it was entirely reasonable for

4  Plaintiff's Notice of Related Cases to recognize the other pending actions assigned to this

5  Court **in which Plaintiff is a party** including the *Goodyear* action.  Indeed, the fact that

6  the Court accepted the transfer, (Doc. 10), confirms that such Notice was reasonable at

7  the time it was filed (even if the Court now disagrees with the judicial efficiency of such

8  transfer).

9          Moreover, there was never any reasonable assurance that a case filed by Plaintiff

10  in the Central District would necessarily be assigned to this Court (including via

11  reassignment).  As noted by Defendant, other judges in the Central District have declined

12  to transfer their CIPA cases filed by clients of Plaintiff's counsel's law firm to this Court

13  even after the filing of a notice of related cases.  (Def.'s Mem. at 13:15-17.)  And, this

14  Court has recently declined to consent to the transfer of multiple cases because this Court

15  has determined that it "anticipates that questions of law and fact will diverge substantially

16  as the cases progress…." *See, e.g.*, *Valenzuela v. Faherty Brand, LLC*, No. 8:23-cv-

17  01574-JVS-JDE, Doc. 9 (C.D. Cal. Aug. 31, 2023); *Cody v. Glasses USA, Inc.*, No. 8:23-

18  cv-01545-JVS-KES, Doc. 11 (C.D. Cal. Aug. 30, 2023).  This Court could very well have

19  made that same determination at the outset of this action.

20          Furthermore, the recent decisions in *Garcia v. Yeti Coolers, LLC*, 2023 WL

21  5736006, at *2-*4 (C.D. Cal. Sept. 5, 2023), and *Valenzuela v. Nationwide Mutual Ins.*

22  *Co.*, 2023 WL 5266033, at *3-*7 (C.D. Cal. Aug. 14, 2023), and other Central District

23  decisions such as *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 520-21 (C.D. Cal. 2021), and

24  *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1081 (C.D. Cal. 2021), demonstrate

25  that Plaintiff did not need to rely on cases assigned to this Court in order to prevail on

26  dispositive motions in CIPA cases.

27

28

In reality, Defendant's accusation that Plaintiff and her counsel have engaged in improper judge shopping is yet another attempt to smear them in a brazen and unseemly attempt to bias the Court.

Defendant's reliance upon *Keilholtz v. Superior Fireplace Co.*, *supra*, is misplaced. Although *Keilholtz* involved the practice of "judge-shopping," 2008 WL 541147, at *1-*2, Defendant makes no attempt at all to contend that any of the circumstances at issue in *Keilholtz* that resulted in a judge shopping determination by the court therein similarly apply to the circumstances at issue in the instant action.

> **e.    Plaintiff Was Never a Party in the *Martin* Action So She Never Received an Unfavorable Ruling.**

Although Defendant's forum shopping argument is predicated upon the assumption that Plaintiff received an unfavorable ruling in *Martin* because *Martin* was pled as a putative class action and that she was a putative class member, (Def.'s Mem. at 7:7-9); *id.* at 2:18-19 (warning of "inconsistent judgments"), Plaintiff was never a party in *Martin*, which never certified any class.[6]  *Smith*, 564 U.S. at 315, 318.  Thus, Defendant's reliance on cases in which courts found forum shopping to exist in circumstances in which a plaintiff filed cases in two different judicial Districts, *Vital Pharmaceuticals, Inc. v. Monster Energy Co.*, 2020 WL 6162796, at *3 (C.D. Cal. Aug. 27, 2020); *LegalForce, Inc. v. Legalzoom.com, Inc.*, 2018 WL 6179319, at *4 (C.D. Cal. Nov. 27, 2018); *Banga v. First USA, NA*, 2010 WL 727749, at *2 (E.D. Cal. Mar. 2, 2010) (individual plaintiff who voluntarily dismissed party from Northern District action and filed Eastern District case against that same party after her litigation against that party in Northern District failed); *Alexander v. Franklin Resources, Inc.*, 2007 WL 518859, at *4 (N.D. Cal. Feb. 14, 2007), is misplaced because those cases are factually distinguishable.

> **f.    *Meza v. Procter & Gamble Co.* and Similar Non-Binding District Court Decisions Contradict Ninth Circuit Precedent.**

---

[6] L.R. 83-1.2.1 cannot apply because Plaintiff was not a party in *Martin*.

Defendant's reliance on *Meza v. Procter & Gamble Co.*, 2023 WL 3267861, at \*4 (C.D. Cal. Apr. 27, 2023) ("It matters little whether the same named plaintiff is involved in the same or similar actions, for there is an equally strong inference of forum shopping when the parallel actions are filed by the same law firm, and such strategic machinations by plaintiff's counsel are equally discouraged under Section 1404(a)."), is misplaced for several reasons. First, *Meza* has failed to cite any Supreme Court or Ninth Circuit decision supporting its application of forum shopping to non-parties in a parallel action.

Second, *Meza* failed to address *Smith*, which expressly considered, but rejected relitigation concerns associated with putative class actions that are not certified. *Smith*, 564 U.S. at 316-18. Notably, the Supreme Court expressly rejected the corporate defendant's argument warning that *Smith*'s holding would allow "class counsel [to] repeatedly try to certify the same class 'by the simple expedient of changing the named plaintiff in the caption of the complaint,'" *id.* at 316, by concluding that "this form of argument flies in the face of the rule against nonparty preclusion." *Id.* Also, *Smith* noted "a commonplace of preclusion law—that nonparties sometimes benefit from, even though they cannot be bound by, former litigation." *Smith*, 564 U.S. at 313 n.10. In essence, *Meza*'s extremely broad interpretation of forum shopping might hinder the ability of unnamed putative class members who happen to retain the same law firm that previously sought to represent them in a putative class that was never certified for whatever the reason from filing their own individual actions and maintaining such suits in a convenient venue in their local home jurisdiction. *Meza* allows corporate defendants to weaponize the forum shopping accusation to impede and potentially thwart such individual actions from ever being filed or litigated on the merits in light of the very real prospect of having to litigate in an extremely inconvenient forum perhaps thousands of miles away. *Smith* did not contemplate such a punitive outcome attributable to the mere happenstance of being a former putative member in an uncertified class action.

Third, *Meza* failed to address the Ninth Circuit's published guidance about forum shopping in *R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966 (9th Cir. 2011),

holding that "we are cautious about labeling as 'forum shopping' a plaintiff's desire to bring ***previously unasserted claims in federal court***." *Id.* at 982 (emphasis added), *quoted in Seneca Ins. Co.*, 862 F.3d at 846. By disregarding whether or not a plaintiff's claims have been "previously unasserted" or not, *Meza*'s approach to forum shopping is inconsistent with the Ninth Circuit's guidance in *R.R. Street & Co. Inc*., which is binding precedent.

Fourth, *Meza*'s reliance upon both *Trottier v. Fieldcore Servs. Solutions, LLC*, 2020 WL 13304063, at *5 (C.D. Cal. Aug. 3, 2020), and *Williams v. WinCo Foods, LLC*, 2013 WL 211246, at *7-*8 (E.D. Cal. Jan. 10, 2013), is misplaced. Neither *Trottier* nor *Williams* addressed or considered the Ninth Circuit's guidance in *R.R. Street & Co. Inc* or *Smith*.

Fifth, *Meza*'s reliance upon *Forrand v. Federal Exp. Corp.*, 2008 WL 276389, at *3 (N.D. Cal. Jan. 31, 2008), is misplaced. *Forrand* was decided before either *R.R. Street & Co. Inc* or *Smith* was decided. Indeed, *Forrand* seems to wrongly assume that being "part of the putative class" is equivalent to being a named plaintiff in a putative class action, 2008 WL 276389, at *3, which contradicts *Smith*'s bright-line rule differentiating between a "party" and unnamed members in a putative class that has never been certified.

Finally, *Meza*'s reliance on certain other cases in support of the proposition, "Forum shopping could [also] reasonably be inferred if the plaintiff files the same or similar case represented by the same law firm in a different district after receiving unfavorable rulings there," *Meza*, 2023 WL 3267861, at *3 (quoting *LegalForce*, 2018 WL 6179319, at *3), is equally unpersuasive because the case authority that *Meza* cited did not consider the Ninth Circuit's guidance in *R.R. Street & Co. Inc* nor *Smith*. In addition, *Meza*'s quotation was of *LegalForce*, however, that decision involved a fact pattern in which a plaintiff entity was the same party in two cases filed in two different Districts. Thus, *LegalForce* did not address the question whether one can infer forum shopping when a different plaintiff files a case in the plaintiff's home District and such case has substantial ties to the home District.

1    Although *LegalForce*, in turn, cited *Carrera*, *Carrera* is factually distinguishable

2    because the plaintiff therein was a resident of Virginia whose chosen venue (*i.e.*, Los

3    Angeles County) was not located within her home District.  2012 WL 13012698, at *6.

4    Similarly, *Carrera* made no finding regarding whether the plaintiff's chosen venue had

5    ties to her controversy.

6    Also, the sole decision cited in *Carrera* was *Alexander v. Franklin Resources, Inc.*,

7    2007 WL 518859, at *4 (N.D. Cal. Feb. 14, 2007).  *Carrera*, 2012 WL 13012698, at *6.

8    *Alexander* involved a fact pattern in which the same plaintiff filed suit in two different

9    forums.  *Alexander*, 2007 WL 518859, at *4 ("***the same plaintiff*** represented by the same

10   law firm filed a similar lawsuit in New Jersey, and after receiving unfavorable rulings

11   from that court, filed the instant case") (emphasis added).  Notably, *Alexander* cited no

12   case authority in support of its proposition.  In other words, *Meza*'s analysis of forum

13   shopping is predicated upon a line of case authority originating from the *Alexander*

14   decision, which involved the same plaintiff filing suit in two different forums.  *Alexander*

15   did not have an opportunity to consider the Ninth Circuit's subsequent guidance in *R.R.*

16   *Street & Co. Inc* or *Smith*.

17   **g.    The Instant Motion Is an Attempt at Judge Shopping.**

18   Defendant ignores that the instant Motion, which either seeks a transfer to the

19   Eastern District so that it can be assigned to Magistrate Judge Boone and District Judge

20   Thurston, (Def.'s Mem. at 9:21-23), or a transfer back to Judge Bernal of the Central

21   District, (Def.'s Mem. at 2:28; 14:13), itself is an attempt at judge shopping.  *Shields v.*

22   *Amerigas Propane, Inc.*, 2015 WL 5436772, at *4 (E.D. Cal. Sept. 15, 2015) ("defendant

23   also has reasons to reverse-forum shop and be heard before a judge that has once ruled in

24   its favor'"").  Thus, assuming *arguendo* that the Court finds that Plaintiff engaged in forum

25   shopping, the interest of justice does not favor a transfer because Defendant is attempting

26   to engage in the judge shopping that it accuses Plaintiff of engaging in.  *Tittl v. Hilton*

27   *Worldwide, Inc.*, 2013 WL 1087730, at *8 (E.D. Cal. Mar. 14, 2013) ("in light of what

28   the Court finds is an attempt at judge shopping—likely by both parties—this factor is

neutral"); *Smith v. Lenches*, 263 F.3d 972, 978 (9th Cir. 2001) ("If there is any forum shopping to be considered here, it cannot be said that one side is at fault more than the other, for neither can be faulted for seeking to litigate issues in the forum of its choice.").

**3.    Other Interest of Justice Factors Favor Plaintiff.**

The Eastern District is much more congested than the Central District on two key metrics (filing to disposition and filing to trial).  (RJN Ex. 10.)

As for the parties' contacts with the forum and the place where the operative facts allegedly occurred, a Central District forum is justified by both Plaintiff's contacts and with Defendant's California contacts operating numerous stores within the Central District.  (Byars Decl. ¶¶ 2-3; Ferrell Decl. ¶ 26 & Ex. 8.)  As such, Defendant surely anticipated being haled into the Central District forum because it is deliberately doing business within the lucrative Central District consumer marketplace, which represents approximately 48.9 percent of California's population.  (RJN Exs. 11-12.)

An analysis of whether this Court or the Eastern District has a compelling local interest in the controversy indicates that this factor favors Plaintiff.  If the putative class is not certified resulting in the case remaining an individual action, then this Court has a compelling local interest in the controversy unlike the Eastern District.

**4.    Other Interest of Justice Factors Are Neutral.**

Given that the governing law is California law, such factor is neutral.

As for the expenditure of resources, Defendant is exaggerating the costs of having to travel to the Central District for its Northern District-based witnesses.  Surely, Defendant's witnesses can appear remotely for deposition under Fed. R. Civ. P. 30(b)(4).  *Schoonover*, 2020 WL 7094061, at *1-*3.  Indeed, the COVID-19 pandemic caused remote depositions to be widely used.  *Id.*

As for the ease of access to sources of proof, this factor is neutral because this is not a document-intensive case.  And, many documents can be transferred electronically.  "If transfer is sought based on the location of records and documents, the movant must show with particularity the location, difficulty of transportation, and the importance of

such records." *Viva Healthcare Packaging, Ltd.*, 2013 WL 12142564, at *3 ("because many documents can be transferred electronically, this factor is not always accorded significant weight). ***Defendant has made no such showing at all.***

**D.    The Convenience Factors Favor Plaintiff.**

**1.    The Convenience of the Parties Strongly Favors Plaintiff's Choice of Venue.**

Defendant's analysis regarding the convenience of the parties completely ignores the inconvenience to Plaintiff if the case is transferred to the Eastern District given that Plaintiff is a California resident who resides within the Central District.  (Byars Decl. ¶¶ 2, 4.)

As for Defendant's convenience, Defendant has not even attempted to make any evidentiary showing via any sworn declaration.  "[A] court will not order a transfer simply to make it more convenient for defendant[.]"  Rutter Group, *supra*, ¶ 4:732.  Yet, that is precisely what Defendant asks the Court to do by citing its own convenience as a basis for the instant Motion.

**2.    The Convenience of the Witnesses Factor, Which Is the Most Important Factor, Is Neutral Because Defendant Has Made No Evidentiary Showing As to the Convenience of the Non-Party Witnesses.**

"The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a). Importantly, [w]hile the convenience of party witnesses is a factor to be considered, ***the convenience of non-party witnesses is the more important factor***."  *Lodestar Anstalt*, 2017 WL 1434265, at *3 (emphasis added); *Viva Healthcare Packaging, Ltd.*, 2013 WL 12142564, at *4 ("convenience to non-party witnesses warrants greater weight than convenience to party witnesses").  "Non-party witnesses may not be subject to the Court's subpoena power, like party witnesses such as employees, which is why courts give more weight to

their convenience." *WP Banquet, LLC v. Target Corp.*, 2016 WL 9450448, at \*10 (C.D. Cal. Dec. 15, 2016) (citation omitted).

"To establish that convenience of the witnesses favors transfer, ***a party must identify the witnesses it plans to call, the anticipated areas of their testimony and its relevance***, and the reasons why the present forum would present a hardship to their appearance." *Viva Healthcare Packaging, Ltd.*, 2013 WL 12142564, at \*3 (emphasis added). "This factor is designed to determine the forum in which the parties will be able to compel the ***key*** witnesses to testify." *Id.* (emphasis added).

Defendant has failed to identify even a single likely trial witness who is also an employee of Defendant, nor such employee's anticipated areas of testimony and the relevance of such testimony.

Although Defendant contends that "most witnesses at trial will be experts, who do not reside within the Central District," (Def.'s Mem. at 10:12-13), Defendant has failed to identify any such likely non-party witnesses via a sworn declaration.

### 3. Because a Transfer Here Would Merely Shift the Inconvenience From One Party to Another, the Instant Motion Should Be Denied.

In *Schoonover*, *supra*, the Court denied a similar motion to transfer after concluding:

> "Considering all of the factors, Defendant has not met its burden to show that transfer would do anything but "shift the inconvenience from one party to another," so the Court defers to Plaintiff's choice of venue, which in fact bears a meaningful connection to her claims."

*Schoonover*, 2020 WL 5015269, at \*3. *Schoonover* is directly on point. Here, a transfer would merely "shift the inconvenience from one party to another," which is not a sound basis for the Court to exercise its discretion by transferring this case to the Eastern District.

Dated:  September 8, 2023                    PACIFIC TRIAL ATTORNEYS, P.C.

By: _/s/ Scott J. Ferrell___

Scott. J. Ferrell
Attorneys for Plaintiff

MEM ISO RESPONSE TO MTN TRANSFER

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 6,997 words, which complies with the word limit of L.R. 11-6.1.

Dated:  September 8, 2023

_/s/ Scott J. Ferrell_
Scott J. Ferrell