UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:23-cv-00883-SSS-KKx | Date | September 11, 2023 |
| Title | *Arisha Byars v. Sephora USA, Inc.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND RULING ON MOTIONS [DKTS. 13, 15]**

On May 16, 2023, Plaintiff filed a Class Action Complaint alleging this Court has jurisdiction over this case under the Class Action Fairness Act ("CAFA"). [Dkt. 1]. Relevant here are Plaintiff's allegations that the amount in controversy exceeds the $5,000,000 threshold. [*Id.* ¶ 1]. Plaintiff alleges that it is believed there are at least 50,000 California consumers who suffered the same legal injury under the California Invasion Privacy Act, all of whom are entitled to $5,000 in statutory damages under California Penal Code § 632.7(a). [*Id.*]. No other facts are alleged to support these allegations.

Federal district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). CAFA confers district courts original jurisdiction over class actions that have, among other things, an amount in controversy that exceeds $5,000,000. 28 U.S.C. § 1332(d)(2). CAFA does not alter the longstanding principle that the party asserting federal jurisdiction bears the burden of showing jurisdiction exists. *Lewis v. Verizon Commc'ns, Inc.*,

627 F.3d 395, 399 (9th Cir. 2010).  The allegations in the Class Action Complaint must be accepted as true unless contested by the Court.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 927 (9th Cir. 2019).  If the Court challenges the plausibility of these allegations, the party asserting jurisdiction must offer evidence—i.e., declarations, affidavits, or other summary-judgment type evidence—to show that the amount in controversy has been met.  *See Dart Cherokee*, 574 U.S. at 88 (placing evidentiary burden on defendant in removal case); *Byars v. Hot Topic, Inc.*, EDCV 22-1652 JGB (KKx), 2023 WL 2026994, at *5-7 (C.D. Cal. Feb. 14, 2023) (placing evidentiary burden on plaintiff in case originally filed in federal court).

      Having reviewed the removal allegations, the Court has reservations that CAFA's amount-in-controversy threshold is satisfied here.  The removal allegations are based on a superficial description of Defendant's business, website, and chat feature.  The Court specifically questions the allegations that there are at least 50,000 California consumers who visited Defendant's website within the statutory period, much less that each of those consumers suffered a violation of the California Invasion Privacy Act.  Absent more concrete and particularized information concerning the quantity and nature of Plaintiff's online interactions through its chat function with customers in California, the Court cannot conclude that jurisdiction is proper under CAFA.

      Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing why this action should not be dismissed for lack of subject matter jurisdiction.  In doing so, Plaintiff must submit evidence—i.e., declarations, affidavits, or other summary-judgment type evidence—to show that the amount in controversy has been met.  This response must not exceed 15 pages.  Defendant may file an opposition along with supporting evidence explaining why the amount in controversy has not been satisfied.  This opposition must not exceed 10 pages.  No reply brief will be accepted.  Plaintiff's brief is due **October 13, 2023**, and Defendant's opposition is due **October 20, 2023.**  The Court sets a hearing on this matter for **October 27, 2023**, at 1:00 p.m. via Zoom videoconference.

      Because this Court has a duty on its own to ensure it possesses jurisdiction over the subject matter of this case before reaching the merits, *Ruhrgas AG v. Marathon Oil, Co.*, 526 U.S. 574, 577, 583 (1999), the Court **DENIES WITHOUT PREJUDICE** Defendant's Motion to Transfer Venue and Motion to Dismiss.  [Dkt. 13, 15].  If the Court concludes that it has subject matter

jurisdiction, it will issue a subsequent order setting a deadline by which Defendant may either refile the pending motions or file a responsive pleading.

**IT IS SO ORDERED.**